**Billy Bob BARRETT, Appellant,**

v.

**Kristina PARCHMAN, Appellee.**

**No. 05–82–01328–CV.**

Court of Appeals of Texas,
Dallas.

July 10, 1984.

Jack W. Frieze, Irving, for appellant.

Robert N. Virden, Winn, Beaudry & Virden, Dallas, for appellee.

Before GUITTARD, C.J., and STOREY and GUILLOT, JJ.

GUITTARD, Chief Justice.

Billy Bob Barrett, the sole beneficiary under the will of Joyce Evelyn Barrett, appeals awards of a commission and attorneys' fees to Kristina Parchman, the temporary administratrix. He contends that the administratrix was not entitled to commission and that the attorneys' fees awarded were not reasonable and necessary. We agree in part with his second point of error and therefore reverse and remand.

### Commission

The court awarded the temporary administratrix a $350.00 commission for her services to the estate. The record shows that she collected $6,813.63 from the deceased's credit union and one watch of undetermined value. Barrett contends that TEX. PROB.CODE ANN. § 241(a) (Vernon 1980) does not authorize a commission in this instance. This section establishes compensation of administrators at 5% of all sums collected but "no commission shall be allowed for receiving cash belonging to the testator or intestate which was on hand or on deposit to his credit in a bank at the time of his death." Because the administratrix's commission was based on 5% of cash deposited in a credit union, Barrett contends that this award violated section 241(a).

Section 241(a) also provides, however, that if the court finds that the commission as calculated is unreasonably low, it may award reasonable compensation for services. Under Barrett's interpretation, Parchman would be entitled to no compensation at all. We do not believe that, under these circumstances, an award of $350.00 would be unreasonable.

Furthermore, section 241(a) applies to compensation of administrators serving under regular letters of administration. Here, Parchman served as a *tempo-*rary administratrix. In *Huff v. Huff*, 132 Tex. 540, 124 S.W.2d 327, 329 (1939), the supreme court held that the compensation of a temporary administrator is not fixed by statute, but rather is left to the discretion of the trial court. Barrett contends that *Huff* is inapplicable because it concerned earlier and different statutes. However, both the earlier and present statutes provide for compensation of administrators, and neither mentions temporary administrators. See TEX.REV.CIV.STAT. ANN. arts. 3691, 3696 (1925). The rationale of *Huff* applies as much to the current statute as it did to the earlier versions. We are not persuaded that an award of $350.00 constitutes an abuse of discretion. Accordingly, Barrett's first ground of error is overruled.

### Attorneys' Fees

Barrett contests the award of $6,273.00 in attorneys' fees. The court awarded this sum in three separate amounts to two different firms. Each award must be examined individually.

Barrett contests the award of $1,068.00 to Robert Power and Associates on the ground that no testimony as to the reasonableness or necessity of the services rendered was presented to the trial court. The temporary administratrix testified as to the nature of the services provided by this firm. However, no attorney testified as to the reasonableness and necessity of the services performed or as to the reasonableness of the amount requested. Even in a non-jury trial, evidence must be presented on these issues to support an award of attorneys' fees. *Underhill v. Underhill*, 614 S.W.2d 178, 181–182 (Tex.Civ.App.— Houston [14th Dist.] 1981, writ ref'd n.r.e.). This rule has been applied to probate cases under section 242. *See, e.g., Griffin v. Barr*, 587 S.W.2d 477, 478–79 (Tex.Civ.App. —Dallas 1979, no writ); *Burton v. Bean*, 549 S.W.2d 48, 51 (Tex.Civ.App.—El Paso 1977, no writ). The temporary administratrix introduced no probative evidence as to the reasonableness and necessity of the services rendered or the reasonableness of

the amount requested. Therefore, we conclude that the evidence does not support the court's order awarding this fee.

The next award was to the firm of Winn, Beaudry and Virden for the period from September 28, 1981, through January 31, 1982, in the amount of $3,103.00. Robert Virden of the firm testified that the bulk of the work performed during this period was for the purpose of imposing a constructive trust on the assets of the estate on the theory that Barrett, the sole beneficiary under the will, had willfully caused the death of the decedent. This effort was unsuccessful, but the firm also investigated whether other assets belonged to the estate, such as life insurance, a house, and a car.

Barrett contends that these services were not compensable under TEX.PROB. CODE ANN. § 242 (Vernon 1980) which provides for reimbursement for "all reasonable attorney's fees, necessarily incurred in connection with the proceedings and management of such estate." We agree that the expenses incurred in attempting to impose a constructive trust over the assets of the estate were not necessarily incurred in the management of the estate. The order of July 10, 1980, appointing Parchman temporary administratrix specifically delineated the powers she was to exercise. This order only authorized the collection of estate assets. The order of July 1, 1980, admitting the will to probate noted that there was no need for administration. The only duty left the temporary administratrix after that date was the preparation and submission of a final account.

■ Any action taken by a temporary administratrix, not expressly authorized, is void. TEX.PROB.CODE ANN. § 133 (Vernon 1980). Therefore, actions by an administrator not authorized by delineated powers or legal duty to the estate are not compensable. *Drake v. Muse, Currie & Kohen,* 532 S.W.2d 369, 374–75 (Tex.Civ. App.—Dallas 1975, writ ref'd n.r.e.). Although Parchman was authorized to collect the estate assets, she was not authorized to pursue the imposition of a constructive

trust over the assets of the estate, particularly after July 1, when the court found no further need for administration. Since there was no longer a reason for administration, she had no duties to perform. Costs incurred after that time should not be taxed against the estate. *Pugh v. Turner,* 145 Tex. 292, 197 S.W.2d 822, 826 (1946); *Cocke v. Naumann,* 188 S.W.2d 781, 785 (Tex.Civ.App.—Dallas 1945, writ ref'd w.o.m.).

Parchman contends that even if she did not have express authorization she had a legal duty to act. In several cases courts have held that as part of the duty to preserve the assets of the estate, a temporary administrator may exercise powers not expressly granted and may be held liable for failing to act to preserve the assets. *Frost National Bank of San Antonio v. Kayton,* 526 S.W.2d 654 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.); *Barfield v. Miller,* 70 S.W.2d 632 (Tex.Civ.App.—Amarillo 1934, writ dism'd). Parchman asserts that she had a legal duty to bring the bill of review in order to preserve the estate assets.

■ We do not agree that the cases cited support Parchman's claims. *Frost National Bank* concerned the duty of a temporary administrator to obtain adequate insurance on estate assets. *Barfield* involved the duty to file an answer in a suit against the estate. Here, Parchman's attempt to impose a constructive trust was not undertaken to preserve the assets of the estate, but rather to determine the proper distribution of those assets. The authority of a temporary administrator is to act as a conservator, not a distributor of the estate. *Baylor University v. Ogilvie,* 222 S.W.2d 164, 167–68 (Tex.Civ.App.—San Antonio 1949, no writ). Thus a temporary administrator cannot intervene in a will contest without express authorization. *Campbell v. Campbell,* 215 S.W. 134, 142 (Tex.Civ.App.—Dallas 1919, writ ref'd). Attorney's fees for prosecution of a executor's personal claim against an estate should not be paid with estate assets. *Rowe v. Dyess,* 213 S.W. 234, 235 (Tex.

Comm'n App.1919, holding approved). Under the circumstances shown here Parchman's unsuccessful attempt to impose a constructive trust was undertaken in her own interest as a potential distributee rather than for the benefit of the estate. She should not be permitted to recover her expenses for that proceeding from the estate so as to shift their burden to the adverse party, who was successful in resisting that attempt.

 As attorney's fees for this period Parchman requested $6,206.00 and was awarded $3,103.00, or one-half. Services rendered by an attorney partly for an estate and partly for the administrator personally should be divided between the two, with the estate liable only for authorized activities. *Rowe*, 213 S.W. at 236. Although we must presume that the court awarded this amount based on the legal work performed for authorized purposes, we hold in the light of the evidence in this record that $3,103.00 is not reasonable for Parchman's services in investigating potential life insurance benefits and determining the property characterization of a house and car. Therefore, we remand this part of the award to the trial court for determination of the amount due to the temporary administratrix for services necessary to and reasonable for her duties, i.e., collection of estate assets.

The third award of $1,752.00 also to Winn, Beaudry & Virden covered the period from February 1, 1982, through June 30, 1982. Mr. Virden testified that during this period his firm prepared the final account for the temporary administratrix. Filing this account was necessary because of the legal duty owed by the administratrix to the estate. The expert's testimony supports the finding that the amount is reasonable. No abuse of discretion in the amount awarded has been shown.

Accordingly, the awards of $1,068.00 to Robert Power and Associates and of $3,103.00 to Winn, Beaudry and Virden for services rendered during the period September 28, 1981, through January 31, 1982,

are reversed. The case is remanded to the trial court for a determination of the amount due for these services rendered, reasonably and necessarily incurred within her duties as temporary administratrix. The court's orders are affirmed as to the commission and the remaining attorneys' fees.