TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING










NO. 03-99-00208-CV







Ruth Woollett and Jane Vorwerk, Appellants



v.



Bill Matyastik, Temporary Guardian of the Estate and Person


of Rose Matyastik, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 26,003, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING








 We withdraw our opinion and judgment of December 23, 1999, and substitute the
following opinion. 

 Bill Matyastik ("Bill"), temporary guardian for Rose Matyastik, filed an application
for approval of attorney's fees to be paid from the guardianship estate. The Probate Code allows
a guardian to be reimbursed from a guardianship estate for all necessary and reasonable expenses
incurred in performing duties as guardian. See Tex. Prob. Code Ann. § 666 (West Supp. 2000). 
The Probate Code also requires such expenses to meet certain proof requirements. See id. § 667. 
Awards of attorney's fees are generally subject to proof requirements. In this case, the district
court approved a request for attorney's fees with no evidence submitted in support of the
application. We must determine whether the district court, rather than the county court, had
jurisdiction to approve the application, and if so, whether the court can authorize payment of
attorney's fees from an estate without receiving evidence supporting the request.

 On rehearing, appellants raise jurisdictional defects relating to the temporary
guardianship appointment. 


Factual Background


 Bill filed an Application for Appointment of Guardian of the Estate and Person of
Rose Matyastik July 7, 1998 in the Milam County Court. On July 20, both appellants filed
separate contests to Bill's application. The county court signed an order transferring "this
guardianship" to the district court "in accordance with Texas Probate Code 606." On
September 1, Bill filed an application to be appointed the temporary guardian of the person and
estate of Ms. Matyastik, and also sought a temporary restraining order against appellants. (1) On
the same day, the district court signed a temporary restraining order against appellants, appointed
an attorney ad litem for Ms. Matyastik, and appointed Bill the temporary guardian of the person
and estate of Ms. Matyastik pending the hearing on the contest of Bill's application to be
appointed temporary guardian. Following a hearing on Bill's application, the district court signed
an order on September 28 that appointed Bill the temporary guardian, imposed a temporary
injunction against appellants, and set a hearing for determining the permanent guardian. (2) Among
other matters, the order empowered Bill


to expend up to $50,000 of the Ward's estate for the care and maintenance of the
Ward, including payment of expenses associated with this guardianship proceeding,
without further Court approval. In the event that the Temporary Guardian shall
be required to expend more of the Ward's estate than the foregoing $50,000 he
shall file a request for such expenditures with this Court and the same shall be
considered approved and authorized unless the other parties hereto shall within 10
days file a contest and request for hearing. 


The September 28 order became final.

 On March 16, 1999, Bill filed an Application for Payment of Expenses seeking
$13,543.12 in attorney's fees for "expenses arising from the administration and management" of
the estate. The district court signed the order authorizing the expense payment on the same day. 
In this appeal, appellants, also children of Ms. Matyastik, (3) challenge the district court's
jurisdiction to render the March 16 order, and the approval of the application for payment when
Bill presented no supporting evidence. (4) 




Jurisdiction

 Appellants contend the district court's order authorizing the payment of expenses
is void because the district court lacks jurisdiction over the management of the guardianship. (5) 
They contend the county court, not the district court, has continuing jurisdiction over the
management of the guardianship. Bill argues that once the contested temporary guardianship
matter was transferred to district court, the district court had jurisdiction to hear matters incident
to the estate, including the application for expenses. 

 Section 606(b) provides that all applications, petitions, and motions regarding
guardianships (6) shall be filed and heard in the county court, "except that in contested guardianship
matters, the judge of the county court may on the judge's own motion, or shall on the motion of
any party to the proceeding, according to the motion, . . . transfer the contested portion of the
proceeding to the district court, which may hear the transferred contested matters as if originally
filed in the district court." Tex. Prob. Code Ann. § 606(b) (West Supp. 2000). The "county
court continues to exercise jurisdiction over the management of the guardianship with the
exception of the contested matter until final disposition of the contested matter is made . . . the
district court." Id. 

 In contested matters transferred to district court, "the district court, concurrently
with the county court, has the general jurisdiction of a probate court." Id. "A court that
exercises original probate jurisdiction has the power to hear all matters incident to an estate." Id.
§ 606(e). Once the contested matter is transferred to district court, the district court exercises
original probate jurisdiction over the proceeding. See Weldon v. Hill, 678 S.W.2d 268, 275 (Tex.
App.--Fort Worth 1984, writ ref'd n.r.e.) (applying Probate Code section 5(b)). In a proceeding
in district court, matters "appertaining to estates" and "incident to an estate" include "all claims
by or against a guardianship estate, . . . , and generally all matters relating to the settlement,
partition, and distribution of a guardianship estate." Tex. Prob. Code Ann. § 607(b) (West Supp.
2000). 

 In this case, the county court on its own motion transferred the contested
application for guardianship of Ms. Matyastik to district court. The district court rendered a
series of orders, including one appointing Bill temporary guardian and setting a hearing on the
appointment of a permanent guardian. The order appointing Bill temporary guardian gave him
the right to expend up to $50,000 for the care and maintenance of Ms. Matyastik. By the March
16 application, Bill sought, as a claim against the estate, $13,534.12 in attorney's fees. The
district court exercising its original probate jurisdiction has jurisdiction over a claim against the
estate or one seeking a distribution from the estate. See id. §§ 606(e), 607(b). Accordingly, we
conclude that the district court had jurisdiction to render the March 16 order. We overrule
appellants' first issue. 


Approval of Temporary Guardian's Request for Attorney's Fees

 Appellants argue that the district court erroneously approved the attorney's fees
because the fees: (1) were not solely or exclusively for the use of Ms. Matyastik but were caused
by the malfeasance of the temporary guardian and his attorneys, (2) were not supported by any
evidence or proof, and (3) did not meet the elements of Probate Code section 667. Bill argues
that the order authorizing the $50,000 expenditure "without further Court approval" negates any
need for proof since the request was within the $50,000 limit. 

 According to the Probate Code, "[a] guardian is entitled to be reimbursed from the
guardianship estate for all necessary and reasonable expenses incurred in performing any duty as
a guardian." Tex. Prob. Code Ann. § 666 (West Supp. 2000). Attorney's fees incurred by a
guardian may be a necessary and reasonable expense incurred by the guardian in executing his 
duties as a guardian. See Texas Dep't of Mental Health & Mental Retardation v. Ellison, 914
S.W.2d 679, 683 (Tex. App.--Austin 1996, no writ). The Probate Code further provides that "all
expenses charged shall be: (1) in writing, showing specifically each item of expense and the date
of the expense; (2) verified by affidavit of the guardian; (3) filed with the clerk and entered on
the claim docket; and (4) acted on by the court in the same manner as other claims against the
guardianship estate." Tex. Prob. Code Ann. § 667 (West Supp. 2000). 

 In addition to the Probate Code requirements regarding expenses, it is well-established that requests for attorney's fees in general must meet certain requirements. An award
of attorney's fees should include the hourly rate and the hours expended. Central Tex.
Micrographics v. Leal, 908 S.W.2d 292, 299 (Tex. App.--San Antonio 1995, no writ). Expert
testimony is required to support an award of attorney's fees. Barrett v. Parchman, 675 S.W.2d
289, 291 (Tex. App.--Dallas 1984, no writ). In Barrett, a temporary administratrix testified
regarding the nature of the attorney's services; however, no attorney testified regarding the
reasonableness and necessity of the services performed or the reasonableness of the amount
requested. Id. Even in a non-jury trial, evidence must be presented on these issues to support
an award of attorney's fees. Id. Because the temporary administratrix introduced no probative
evidence as to the reasonableness and necessity of the services rendered or the reasonableness of
the amount requested, the court concluded that the evidence did not support the award of
attorney's fees. Id. at 291-92. 

 Determining a reasonable attorney's fee is a question of fact and the fee award must
be supported by competent evidence. Brown & Root U.S.A., Inc. v. Trevino, 802 S.W.2d 13, 14-15 (Tex. App.--El Paso 1990, no writ) (citing Great Am. Reserve Ins. Co. v. Britton, 406 S.W.2d
901, 907 (Tex. 1966)). A court does not have authority to adjudicate the reasonableness of
attorney's fees on judicial knowledge without the benefit of evidence. Id. at 15; but see Tex. Civ.
Prac. & Rem. Code Ann. § 38.003 (West 1997) (rebuttable presumption that the usual and
customary attorney's fees for section 38.001 claims are reasonable). If the evidence is factually
insufficient to support the award, the case must be reversed. Brown & Root, 802 S.W.2d at 16. 
When no evidence or insufficient evidence supports an award, the court abuses its discretion in
making the award. Id.

 Bill submitted the unsworn application for payment of expenses stating that the
attorney's fees of $13,534.12 for two attorneys were reasonable and necessary and should be paid
from the estate. The application is not supported by affidavit or other evidence. Although the
application alleges the fees are reasonable and necessary, it is signed only by Bill and not the
attorneys. (7) The record indicates there was no transcription of the hearing. In fact, Bill concedes
in his brief that there was "no affidavit or proof or hearing on the application for payment of the
expenses. . . ."

 The application for expenses is deficient whether measured in terms of Probate
Code section 667 or general principles regarding an award of attorney's fees. The application
fails to satisfy section 667 because it is not verified or itemized. See Tex. Prob. Code Ann. § 667
(West 2000). The application is not based on expert testimony, and it fails to detail the work
completed, state the attorney's hourly rates or the hours expended on the matters relating to the
guardianship, or state that the rates are reasonable and customary in Milam County. In allowing 
the attorney's fees in this case, the district court adjudicated the reasonableness of the fees without
the benefit of evidence. See Brown & Root, 802 S.W.2d at 15. We hold that a layman's
unsupported assertion regarding reasonableness and necessity for attorney's fees does not support
the payment of attorney's fees from the estate. See Barrett, 675 S.W.2d at 291-92. Accordingly,
we conclude that the district court erred in granting the application and sustain appellants' second
issue. (8)

Conclusion


 Although the district court had jurisdiction to render an order approving the
application for expenses, the district court erred in ordering fees without supporting proof or an
evidentiary hearing. We reverse the district court's order approving the $13,534.12 in attorney's
fees and remand the cause to the district court for reconsideration of the application in light of this
opinion. 


On Motion for Rehearing


 Appellants complain on rehearing that the district court lacked jurisdiction due to
service of process defects on Ms. Matyastik, her children and her sibling. We disagree. 

 Section 875 of the Probate Code requires that upon the filing of an application for
temporary guardianship, the clerk shall issue notice to be served on the respondent (ward) and the
respondent's appointed attorney. Act of May 30, 1993, 73d Leg., R.S., ch. 957, § 1, 1993 Tex.
Gen. Laws 4081, 4151-52, since amended and codified at Tex. Prob. Code Ann. § 875(e) (West
Supp. 2000). Here, Bill filed an Application for Appointment of Guardian of the Estate and
Person in Milam County Court July 7, 1998. Ms. Matyastik filed a pro se answer and an
amended pro se answer on July 20. The amended answer requested the case be transferred to
district court. Appellants each filed contests to the application on July 20. The county court
transferred the matter to district court on July 20.

 On September 1, Bill filed an Application for Appointment of Bill Matyastik as
Temporary Guardian of Person and Estate of Rose Matyastik in which he also requested a
temporary restraining order. On the same day, the district court appointed Ms. Matyastik an
attorney ad litem, appointed Bill temporary guardian, entered a temporary restraining order, and
set the hearing on the temporary guardianship for September 10. The record reflects that Ms.
Matyastik was served with Bill's September 1 application on September 2. Because the record
affirmatively shows that Ms. Matyastik was served, there is no defect in service sufficient to
deprive the court of jurisdiction. 

 Section 875 does not require service in a temporary guardianship on the ward's
children (9) or siblings. See Act of May 30, 1993, 73d Leg., R.S., ch. 957, § 1, 1993 Tex. Gen.
Laws 4081, 4151-52, since amended and codified at Tex. Prob. Code Ann. § 875(e) (West Supp.
2000). Thus, any alleged service defect on the Ms. Matyastik's sibling or Ms. Matyastik's
children in the temporary guardianship proceeding is not relevant to a jurisdictional challenge. 

 We overrule the motion for rehearing.



 


 Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Reversed and Remanded

Filed: February 17, 2000

Publish
1. The application is styled "In the County Court of Milam County" but bears a Milam
County District Clerk's file stamp. We note also that the order appointing Bill the temporary
guardian and enjoining appellants from certain actions is also styled as a county court order, but
bears the district court cause number and is signed by the Milam County district court. 
2. The trial to determine the permanent guardian occurred on May 17, 1999. 
3. Ms. Matyastik died on June 8, 1999, after the notice of appeal in this case was filed. 
See In re Vorwerk, 03-99-00478-CV (Tex. App.--Austin, November 30, 1999, orig. proceeding).
4. By their third issue, appellants complain of the appointment of Bill as the temporary
guardian. The September 28, 1998 order appointing Bill temporary guardian is a final,
unappealed order. We cannot address the validity of that order and, therefore, do not address
issue three. 
5. According to the record, the challenged March 16 application for payment of expenses
is neither the first nor the last application for payment of expenses submitted to the district court. 
6. The provisions pertaining to guardianships of persons and estates apply to temporary
guardianships insofar as they may be made applicable. Tex. Prob. Code Ann. § 877 (West Supp.
2000). 
7. Nothing in the record indicates Bill is an attorney or otherwise qualified to provide an
expert opinion on attorney's fees. 
8. Appellants also argue that the fees requested were not for legal services for the use of
Ms. Matyastik. Because Bill did not present evidence other than the amount of the fees, it is
impossible to determine the reason for the fees. On remand, Bill will have the opportunity to
present evidence of legal services. We therefore do not address issue four.
9. Bill's original application for guardianship listed Ms. Matyastik's children on the
certificate of service. Bill's September 1st application requested the clerk to serve the children. 



ted attorney. Act of May 30, 1993, 73d Leg., R.S., ch. 957, § 1, 1993 Tex.
Gen. Laws 4081, 4151-52, since amended and codified at Tex. Prob. Code Ann. § 875(e) (West
Supp. 2000). Here, Bill filed an Application for Appointment of Guardian of the Estate and
Person in Milam County Court July 7, 1998. Ms. Matyastik filed a pro se answer and an
amended pro se answer on July 20. The amended answer requested the case be transferred to
district court. Appellants each filed contests to the application on July 20. The county court
transferred the matter to district court on July 20.

 On September 1, Bill filed an Application for Appointment of Bill Matyastik as
Temporary Guardian of Person and Estate of Rose Matyastik in which he also requested a
temporary restraining order. On the same day, the district court appointed Ms. Matyastik an
attorney ad litem, appointed Bill temporary guardian, entered a temporary restraining order, and
set the hearing on the temporary guardianship for September 10. The record reflects that Ms.
Matyastik was served with Bill's September 1 application on September 2. Because the record
affirmatively shows that Ms. Matyastik was served, there is no defect in service sufficient to
deprive the court of jurisdiction. 

 Section 875 does not require service in a temporary guardianship on the ward's
children (9) or siblings. See Act of May 30, 1993, 73d Leg., R.S., ch. 957, § 1, 1993 Tex. Gen.
Laws 4081, 4151-52, since amended and codified at Tex. Prob. Code Ann. § 875(e) (West Supp.
2000). Thus, any alleged service defect on the Ms. Matyastik's sibling or Ms. Matyastik's
children in the temporary guardianship proceeding is not relevant to a jurisdictional challenge. 

 We overrule the motion for rehearing.