TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00025-CV







Ruth Woollett and Jane Vorwerk, Appellants


 


v.




William E. Matyastik, Temporary Guardian of the Person

and Estate of Rose Matyastik, Appellee






FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 26,003, HONORABLE DON B. MORGAN, JUDGE PRESIDING 








 This appeal arises from our remand in Woollett v. Matyastik, 23 S.W.3d 48 (Tex.
App.--Austin 2000, pet. denied). In Matyastik, this Court reversed the district court's order
approving attorneys fees and remanded for reconsideration of the application for attorney's fees. See
Tex. Prob. Code Ann. § 667 (West Supp. 2002). The district court, after an evidentiary hearing,
authorized William Matyastik, as guardian of the estate of Rose Matyastik, to pay $13,534.12 in
attorney's fees from the estate. Woollett and Vorwerk appeal from that order. (1)

 On appeal, Woollett brings five issues, three of which concern matters not before the
district court at the hearing from which this appeal arises because these issues previously had been
determined. (2) The remaining issues three and four challenge the award of attorneys fees on the basis
that the fees claimed were not solely for the benefit of Rose Matyastik, the ward, and contend that
the expenditure of those fees was caused by the malfeasance of William Matyastik and his attorneys. 
We interpret these two points as challenging the reasonableness and necessity of the attorney's fees. (3) 
 At the attorney's-fees hearing, each attorney claiming fees testified. (4) Each introduced
detailed billings showing the matter completed and the time expended. Each testified to his hourly
billing and that the rate was reasonable and customary for the Cameron, Milam County, area. One
attorney testified that he billed his work at $50.00 per hour less than his customary Austin rate to
adjust for the Cameron area.

 Woollett was afforded the opportunity to cross-examine counsel concerning the
reasonableness and necessity of the items enumerated on the listing of fees and expenses and their
relationship to the guardianship. The court also asked questions of counsel concerning the billings. 
The court concluded in its order that sufficient evidence supported the award of fees. We agree. 
Having concluded that the testimony concerning fees satisfied the requirements set out in Woollett
v. Mayastik, 23 S.W.3d at 53, we affirm the district court's order. (5)



 __________________________________________


 Lee Yeakel, Justice


Before Justices Kidd, Yeakel and Patterson


Affirmed


Filed: April 25, 2002


Do Not Publish
1. Both Woollett and Vorwerk signed the notice of appeal and brief. They appeal pro se.
2. Issues one, two and five concern the powers of the temporary guardian and the bond for that
guardian. As noted in Woollett v. Matyastik, No. 03-99-00069-CV, slip op. at 1 n.1 (Tex.
App.--Austin April 2, 1999, no pet.) (not designated for publication), these issues were decided by
the district court's order of September 28, 1998, from which no appeal was taken. Accordingly, we
overrule these three issues.
3. The hearing was fairly acrimonious. No evidence was introduced concerning malfeasance;
Vorwek assumed that all litigation for which the fees were charged was caused by William
Matyastik's malfeasance.
4. Although the previously filed defective affidavit was not amended, the sworn testimony at the
evidentiary hearing cured the defects. See Weeks v. Hobson, 877 S.W.2d 478, 480 (Tex.
App.--Houston [1st Dist.] 1994, orig. proceeding) (implying affidavit of indigence could have been
amended by testimony at evidentiary hearing).
5. Appellee Matyastik has moved to dismiss the appeal as to Jane Vorwerk on the basis that she
was a party to a Rule 11 agreement that estopped her from bringing this litigation. Because of our
disposition of the cause on the merits, we dismiss the motion.