# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00025-CV

**Ruth Woollett and Jane Vorwerk, Appellants**

**v.**

**William E. Matyastik, Temporary Guardian of the Person
and Estate of Rose Matyastik, Appellee**

## FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
## NO. 26,003, HONORABLE DON B. MORGAN, JUDGE PRESIDING

This appeal arises from our remand in *Woollett v. Matyastik*, 23 S.W.3d 48 (Tex. App.CAustin 2000, pet. denied). In *Matyastik*, this Court reversed the district court=s order approving attorneys fees and remanded for reconsideration of the application for attorney=s fees. *See* Tex. Prob. Code Ann. ' 667 (West Supp. 2002). The district court, after an evidentiary hearing, authorized William Matyastik, as guardian of the estate of Rose Matyastik, to pay $13,534.12 in attorney=s fees from the estate. Woollett and Vorwerk appeal from that order.[1]

---

[1] Both Woollett and Vorwerk signed the notice of appeal and brief. They appeal *pro se*.

On appeal, Woollett brings five issues, three of which concern matters not before the district court at the hearing from which this appeal arises because these issues previously had been determined.[2] The remaining issues three and four challenge the award of attorneys fees on the basis that the fees claimed were not solely for the benefit of Rose Matyastik, the ward, and contend that the expenditure of those fees was caused by the malfeasance of William Matyastik and his attorneys. We interpret these two points as challenging the reasonableness and necessity of the attorney=s fees.[3] At the attorney=s-fees hearing, each attorney claiming fees testified.[4] Each introduced detailed billings showing the matter completed and the

---

[2] Issues one, two and five concern the powers of the temporary guardian and the bond for that guardian. As noted in *Woollett v. Matyastik*, No. 03-99-00069-CV, slip op. at 1 n.1 (Tex. App.CAustin April 2, 1999, no pet.) (not designated for publication), these issues were decided by the district court=s order of September 28, 1998, from which no appeal was taken. Accordingly, we overrule these three issues.

[3] The hearing was fairly acrimonious. No evidence was introduced concerning malfeasance; Vorwek assumed that all litigation for which the fees were charged was caused by William Matyastik=s malfeasance.

[4] Although the previously filed defective affidavit was not amended, the sworn testimony at the evidentiary hearing cured the defects. *See Weeks v. Hobson*, 877 S.W.2d 478, 480 (Tex. App.CHouston [1st Dist.] 1994, orig. proceeding) (implying affidavit of indigence could have been amended by testimony at evidentiary hearing).

time expended. Each testified to his hourly billing and that the rate was reasonable and customary for the Cameron, Milam County, area. One attorney testified that he billed his work at $50.00 per hour less than his customary Austin rate to adjust for the Cameron area.

Woollett was afforded the opportunity to cross-examine counsel concerning the reasonableness and necessity of the items enumerated on the listing of fees and expenses and their relationship to the guardianship. The court also asked questions of counsel concerning the billings. The court concluded in its order that sufficient evidence supported the award of fees. We agree. Having concluded that the testimony concerning fees satisfied the requirements set out in *Woollett v. Mayastik*, 23 S.W.3d at 53, we affirm the district court=s order.[5]

_____

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

Filed: April 25, 2002

Do Not Publish

---

[5] Appellee Matyastik has moved to dismiss the appeal as to Jane Vorwerk on the basis that she was a party to a Rule 11 agreement that estopped her from bringing this litigation. Because of our disposition of the cause on the merits, we dismiss the motion.