Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-11-00467-CV

**IN THE ESTATE OF** Gertrude C. **JOHNSTON**

From the Probate Court No. 1, Bexar County, Texas
Probate Court No. 1999-PC-2711
Honorable Polly Jackson Spencer, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice

Delivered and Filed:  May 30, 2012

AFFIRMED

Appellant Carol Walker appeals the probate court's order awarding attorney's fees and expenses for legal services provided to appellee Arthur Bayern as the guardian of Gertrude C. Johnston's guardianship estate.  Walker, the independent administrator of Johnston's probate estate, raises three issues on appeal: (1) the probate court erred in admitting the redacted billing statements, (2) the probate court erred in not conducting an in camera inspection of the unredacted billing statements, and (3) the evidence was legally and factually insufficient to support the award of attorney's fees and expenses.  We affirm the probate court's order.

## BACKGROUND

Bayern was appointed guardian of Johnston's guardianship estate. Upon Johnston's death, Walker was appointed independent administrator of Johnston's probate estate. Walker sued Bayern for, *inter alia*, breach of his fiduciary duty in the final accounting of the guardianship estate. At the conclusion of the suit, Bayern submitted to the probate court three applications for authority to pay attorney's fees and expenses pertaining to (1) the final accounting, (2) Walker's objections to it, and (3) his defense against her suit. The probate court conducted a hearing on Bayern's applications. At the hearing, Bayern supported his request for attorney's fees by offering into evidence redacted billing statements from his attorneys. Carl Werner and Gardner Kendrick, Bayern's attorneys, testified about the legal services they performed for Bayern. Bayern's attorneys also testified that portions of the explanation section of individual line items on the billing statements were redacted to protect Bayern's attorney–client privilege and their work product privilege. Additionally, Werner testified that each line item with a partially redacted explanation was a reasonable and necessary fee or expense for the guardianship estate. Kendrick tendered unredacted billing statements under seal to the court for in camera review. The probate court sustained in part Walker's objections to the fees; it reduced the allowable amount by $4,118.04 and awarded $33,053.71 in attorney's fees and $3,647.99 in expenses. Walker appeals the probate court's order authorizing payment of attorney's fees and expenses.

## ADMISSION OF REDACTED STATEMENTS

Citing the rule of optional completeness, Walker asserts the probate court erred by admitting the redacted billing statements without also admitting the unredacted statements.

## A. Standard of Review

We review a probate court's evidentiary rulings for an abuse of discretion. *See Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007) (per curiam); *In re Estate of Vackar*, 345 S.W.3d 588, 593 (Tex. App.—San Antonio 2011, no pet.). We also review a probate court's award of a guardian's attorney's fees for an abuse of discretion. *See In re Estate of Vrana*, 335 S.W.3d 322, 329 (Tex. App.—San Antonio 2010, pet. denied); *In re Guardianship of Glasser*, 297 S.W.3d 369, 377 (Tex. App.—San Antonio 2009, no pet.). A court abuses its discretion if it acts arbitrarily, unreasonably, or "without reference to any guiding rules and principles." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985); *accord Estate of Vackar*, 345 S.W.3d at 593.

## B. Guardian's Attorney's Fees and Expenses

Guardians may recover reasonable and necessary attorney's fees and expenses "incurred by the guardian in connection with the management of the estate or any other matter in the guardianship." TEX. PROB. CODE ANN. § 666 (West 2003); *accord Henderson v. Viesca*, 922 S.W.2d 553, 560 (Tex. App.—San Antonio 1996, writ denied). The guardian must submit written, verified information that shows "specifically each item of expense and the date of the expense." TEX. PROB. CODE ANN. § 667 (West 2003); *Woollett v. Matyastik*, 23 S.W.3d 48, 52 (Tex. App.—Austin 2000, pet. denied). The court must award those attorney's fees and expenses it finds reasonable and necessary for the guardianship estate that are submitted in compliance with statutory requirements. *See* TEX. PROB. CODE ANN. §§ 666, 667; *Woollett*, 23 S.W.3d at 52.

## C. The Rule of Optional Completeness

Walker objected to the admission of the redacted monthly billing statements under the rule of optional completeness and asked that the unredacted statements be admitted into evidence. She complains on appeal that the probate court erred when it failed to admit the unredacted fee statements.[1] The redacted fee statements contained significant information. For each billable time segment, the redacted statements clearly show the date, billing person, hours billed, amount billed, and a description of the work performed. *See* TEX. PROB. CODE ANN. § 667; *Woollett*, 23 S.W.3d at 52. The redactions omit some of the information from a line item's description of the work performed, but the redacted information is not necessary to determine the activity conducted by Bayern's attorneys. Every redacted entry contained at least some information regarding the activities involved—"extended telephone conference," "legal analysis and research," "review the Bexar County Probate estate file to determine the scope of Carol Walker's appointing order," etc. Further, the attorney primarily responsible for preparing the billing statements and redacting them testified that the fees were all reasonable and necessary, and the redactions were required to protect the attorney–client and work product privileges. *See* TEX. R. CIV. P. 193.4(a); *In re BP Prods. N. Am. Inc.*, 263 S.W.3d 106, 112 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding).

The rule of optional completeness allows an opposing party to inquire into a written statement that is necessary to make a previously admitted written statement fully understood or to explain the previous statement, and any other writing necessary to make it fully understood may be given in evidence. *See* TEX. R. EVID. 106, 107; *see also Crosby v. Minyard Food Stores, Inc.*, 122 S.W.3d 899, 903 (Tex. App.—Dallas 2003, no pet.) (citing TEX. R. EVID. 107); *Jones v.*

---

[1] Bayern offered evidence that the redacted portions of the billing statements contained information protected by the attorney–client privilege. *See* TEX. R. EVID. 503(b).

*Colley*, 820 S.W.2d 863, 866 (Tex. App.—Texarkana 1991, writ denied) (citing TEX. R. EVID. 106). There are two threshold requirements to invoke the rule of optional completeness: (1) an incomplete statement was introduced into evidence, and (2) the party offering the remainder must show that the remainder is on the same matter and "is necessary to fully understand or explain the matter." *Crosby*, 122 S.W.3d at 903.

We are not convinced the rule of optional completeness applies to this case. The probate court concluded the redacted portions of the statements were privileged and protected by the attorney–client privilege. Walker does not attack the applicability of attorney–client privilege, but contends that the rule of optional completeness trumps the attorney–client privilege. Further, Walker directs us to no case applying the rule of optional completeness to defeat a valid claim of privilege, nor can we find one, and we are not inclined to so easily dispose of an important privilege. The attorney–client privilege promotes the free flow of information between attorney and client, and promotes the rendition of effective legal services. *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 160 (Tex. 1993) (orig. proceeding). The rule of optional completeness is neither an exception to the attorney–client privilege nor does it mandate a waiver of the privilege. *See* TEX. R. EVID. 503(b), (d).[2]

Moreover, even if the rule of optional completeness applied to this case, Walker has not established that the unredacted statements were necessary for the court to understand the attorney's fees recoverable from the estate. *See Crosby*, 122 S.W.3d at 903. As shown above, significant information was provided to the court in the redacted billing statements, and when combined with the testimony of Bayern's attorneys, further information was not necessary for the court to understand the matter.

---

[2] Although we recognize that there are instances where there is a waiver of the attorney–client privilege by offensive use of the privilege, Walker does not make that assertion.

**D. The Probate Court Did Not Abuse Its Discretion**

Considering the evidence before the probate court, we cannot say it acted unreasonably, arbitrarily, or without reference to the law. *See Downer*, 701 S.W.2d at 241–42; *Estate of Vackar*, 345 S.W.3d at 593. The court received the statutorily required information and supporting witness testimony. We conclude that the court acted within its discretion when it admitted the redacted billing statements, and overruled Walker's objection on optional completeness. We overrule Walker's first issue.

### IN CAMERA INSPECTION

In her second issue, Walker asserts that the probate court abused its discretion when it failed to conduct an in camera inspection of the unredacted billing statements.

**A. Standard of Review and Applicable Law**

We review a probate court's decision whether to conduct an in camera inspection of allegedly privileged documents for an abuse of discretion. *See Weisel Enters., Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986) (orig. proceeding) (per curiam). A probate court does not abuse its discretion if it chooses not to conduct an in camera inspection of allegedly privileged documents if there is other admissible evidence that substantiates the claimed privilege. *See In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223 (Tex. 2004) (orig. proceeding) (per curiam); *Weisel Enters.*, 718 S.W.2d at 58; *see also In re BP Prods. N. Am. Inc.*, 263 S.W.3d at 112.

**B. Analysis**

In her brief, Walker repeatedly asserts the probate court failed to conduct an in camera review of the unredacted billing statements, but none of her assertions cites the record. In fact, the record shows the probate court acknowledged it received the sealed envelope containing the unredacted billing statements and said "I haven't made up my mind yet whether I'm going to

open [the envelope] and look in there." Three months passed from the date of the hearing until the court signed the order on attorney's fees in April 2011. Walker claims the probate court erroneously failed to conduct an in camera review, but she is unable to show the probate court did not conduct an in camera inspection. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam) (recognizing that the appellant has the burden to present an appellate record that shows the claimed error). Further, even assuming *arguendo* that the court did not conduct an in camera inspection, the probate court was not obligated to do so—it received witness testimony explaining the redactions and the basis for the attorney–client privilege asserted. *See Weisel Enters.*, 718 S.W.2d at 58; *In re BP Prods. N. Am.*, 263 S.W.3d at 112. We overrule Walker's second issue.

## LEGAL & FACTUAL SUFFICIENCY

We interpret Walker's third issue as challenging the legal and factual sufficiency of the evidence to support the probate court's order.

### A.  Standard of Review

A probate court has discretion to determine reasonable attorney's fees, and we will not reverse an award absent an abuse of discretion. *In re Estate of Vrana*, 335 S.W.3d 322, 329 (Tex. App.—San Antonio 2010, pet. denied). "When the proper standard of review is abuse of discretion [and the appellant] challenges . . . the legal and factual sufficiency of the evidence . . . [we must] determine '(1) whether the [probate] court had sufficient information upon which to exercise its discretion; and (2) whether the [probate] court erred in its application of discretion.'" *In re Guardianship of C.E.M.-K.*, 341 S.W.3d 68, 80 (Tex. App.—San Antonio 2011, pet. denied) (quoting *Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no

pet.)). In our sufficiency review, "we use the traditional standards of review for legal and factual sufficiency." *Gardner*, 229 S.W.3d at 751.

For a legal sufficiency review, we "must credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005); *accord Estate of Vackar*, 345 S.W.3d at 595. We may conclude that the evidence was legally sufficient if there was more than a scintilla of evidence to prove a vital fact. *See Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 639 (Tex. 2009) (citing *City of Keller*, 168 S.W.3d at 827); *Hartmann v. Solbrig*, 12 S.W.3d 587, 595 (Tex. App.—San Antonio 2000, pet. denied).

For a factual sufficiency review, we must consider all of the evidence, including evidence which is contrary to the probate court's order. *See Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761–62 (Tex. 2003); *In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951) (per curiam). We will reverse the lower court's order only if the decision "is so against the great weight and preponderance of the evidence as to be manifestly unjust." *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986); *accord Orozco v. Orozco*, 917 S.W.2d 70, 74 (Tex. App.—San Antonio 1996, writ denied).

## B. Analysis

In this issue, Walker's primary contention seems to be that the probate court did not have sufficient evidence to award attorney's fees because the redactions prevented the court from properly segregating recoverable and unrecoverable amounts. Walker also argues that the court's reductions for unrecoverable amounts were merely arbitrary reductions. If the probate court reviewed the unredacted billing statements, Walker's argument that the court failed to

review the statements would be moot. Even assuming *arguendo* that the probate court did not review the unredacted billing statements, Walker's argument still fails.

The probate court admitted and reviewed the redacted billing statements. For each billable time segment, the redacted statements clearly show the date, billing person, hours billed, amount billed, and a description of the work performed. The only redactions are of portions of the descriptions for some of the billed segments. The court heard testimony from the attorney who was primarily responsible for preparing the billing statements that the billed hours and expenses were reasonable and necessary for the guardian's activities on behalf of the guardianship estate. The court also heard the attorney's testimony regarding the reasonableness of the fees based on the individual factors in the State Bar Rules. *See* TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2005) (TEX. STATE BAR R. art. X, § 9).

Having considered the evidence under the appropriate standards of review, we conclude that the probate court had sufficient information to determine a reasonable amount of attorney's fees and expenses and it did not err in exercising its discretion. *See Guardianship of C.E.M.-K.*, 341 S.W.3d at 80; *Estate of Vrana*, 335 S.W.3d at 329. We overrule Walker's third issue.

### CONCLUSION

We conclude that the probate court did not abuse its discretion in admitting redacted billing statements and excluding unredacted statements. We also conclude that Walker failed to show that the court erred regarding an in camera inspection of the unredacted billing statements. Finally, we conclude that the probate court had sufficient evidence and did not err in its order authorizing payments of attorney's fees and expenses to Bayern's attorneys for their legal

services rendered on behalf of Johnston's guardianship estate. Therefore, we affirm the probate court's order.

Rebecca Simmons, Justice