IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 1, 2017

**JEROME JOHNSON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
No. 10-07575      Lee V. Coffee, Judge

_____

**No. W2016-02349-CCA-R3-PC**

_____

Petitioner, Jerome Johnson, was convicted of reckless endangerment, aggravated assault, and solicitation of the filing of a false police report. His convictions and effective sentence of fifteen years, eleven months, and twenty-nine days were affirmed on direct appeal. *See State v. Jerome Johnson*, No. W2012-01754-CCA-R3-CD, 2013 WL 5488522, at *1 (Tenn. Crim. App. Sept. 30, 2013), *perm. app. denied* (Tenn. Feb. 11, 2014). Petitioner subsequently sought post-conviction relief for ineffective assistance of both trial counsel and appellate counsel. The post-conviction court denied relief after a hearing. On appeal, we hold that Petitioner failed to show that counsels' actions were deficient and that Petitioner was prejudiced thereby. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Eric Mogy (on appeal), and Gregory D. Allen (at hearing), Memphis, Tennessee, for the appellant, Jerome L. Johnson.

Herbert H. Slatery III, Attorney General and Reporter; Zachary T. Hinkle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Ann Schiller, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Factual and Procedural History*

On June 25, 2010, Petitioner verbally abused and severely beat the victim, his girlfriend, for a period of ten minutes after returning from a party. *See Jerome Johnson*, 2013 WL 5488522, at \*1. The victim suffered multiple injuries from the beating, including a fractured nose, several fractured ribs, a punctured and collapsed lung, swollen eyes and neck, and bruises and lacerations on her face. *Id.* The next morning, Petitioner beat the victim again, and told the victim that "if [she] didn't say someone jumped on [her], . . . he wasn't gonna [sic] get [her] any help." *Id.* at \*2. On December 2, 2010, Petitioner was indicted by the Shelby County Grand Jury for attempted second-degree murder in Count One, aggravated assault in Count Two, and solicitation of the filing of a false police report in Count Three. *Id.* at \*1.

Initially, the date for Petitioner's trial was set for August 2011, but the trial date was continued and eventually set for May 2012. In the time between Petitioner's indictment and his trial, our supreme court decided *State v. Watkins*, 362 S.W.3d 530 (Tenn. 2012), on March 9, 2012. In *Watkins*, our supreme court adopted the federal double jeopardy standard, more commonly known as the *Blockburger* test from *Blockburger v. United States*, 284 U.S. 299 (1932), and abandoned the state-specific standard set forth in *State v. Denton*, 938 S.W.2d 373 (Tenn. 1996). *Watkins*, 362 S.W.3d at 556. Prior to trial, the trial court informed Petitioner of the *Watkins* decision and its implications in Petitioner's case. The trial court explained that, under the *Blockburger* test, Petitioner could be convicted, punished, and sentenced for charges that involved the same conduct. In light of that information, Petitioner still indicated that he did not want to accept the State's offer for a guilty plea and wanted to proceed to trial. There is no indication in the appellate record that trial counsel advocated for the application of the *Denton* test prior to trial or during trial. On May 17, 2012, Petitioner was convicted of reckless endangerment as a lesser included offense in Count One. *Jerome Johnson*, 2013 WL 5488522, at \*1. In Counts Two and Three, Petitioner was convicted as charged. *Id.*

Petitioner was sentenced to fifteen years' imprisonment as a Range III, persistent offender for the aggravated assault conviction in Count Two, and eleven months and twenty-nine days each for the reckless endangerment conviction in Count One and the solicitation of the filing of a false police report in Count Three. *Id.* The trial court ordered the sentences in Count One and Count Two to run concurrently, and the sentence in Count Three to run consecutively. *Id.*

The trial court denied Petitioner's motion for a new trial on July 20, 2012, and Petitioner appealed his case, arguing only sufficiency of the evidence. This Court affirmed Petitioner's conviction. *Id.* at \*10. Petitioner filed a timely petition for post-conviction relief, counsel was appointed, and an amended petition was filed on April 10, 2015. A supplement to the petition was filed on February 23, 2016. The post-conviction court held a hearing on the petition on August 16, 2016.

At the hearing, Petitioner's trial counsel stated that she was aware of the change in the standard for determining double jeopardy violations in Tennessee. She further acknowledged that under the *Denton* test, the convictions for aggravated assault and attempted second-degree murder would merge. However, she admitted that she never objected to the indictment containing the aforementioned charges. She explained that the reason that the trial was continued and reset was that the Assistant District Attorney needed more time to obtain the relevant medical records for trial. Petitioner was represented on appeal by another attorney from the Public Defender's Office; however, appellate counsel did not testify at the hearing.

Petitioner also testified at the hearing. Relevant to this appeal, Petitioner testified that the reason he did not want to settle and insisted on going to trial was that he knew that he could not be charged with both attempted second-degree murder and aggravated assault. He stated that he told his attorney prior to his first trial date, "[T]his is double jeopardy, trying me for both of these charges, under *Denton* law." He said that his attorney responded that it was not double jeopardy. Once Petitioner's case was transferred to a different trial court, he again argued that his charges violated the principles of double jeopardy and that the application of *Watkins* was a violation of the ex post facto clause. Petitioner testified, "I never did sign a waiver of my ex post facto." The post-conviction court explained to Petitioner that it appeared Petitioner was confusing his issues, but Petitioner maintained that he did not consent to be sentenced under the *Blockburger* test. However, on cross-examination, Petitioner agreed that at the time of trial, his counsel had done everything that he had asked of her.

The post-conviction court denied the petition in an oral ruling at the conclusion of the hearing followed by a written opinion filed on October 24, 2016. The post-conviction court made multiple findings of fact and conclusions of law, but only a portion of those findings are relevant to this appeal. The post-conviction court found that trial counsel was effective even though she did not raise the double jeopardy issue with the indictment. The post-conviction court stated, "Petitioner is simply mistaken about the alleged double jeopardy issue. Aggravated assault is not an included offense of attempted murder." The post-conviction court concluded that the double jeopardy issue was without merit. Further, the post-conviction court found that "[t]he decision of Petitioner's appellate counsel to only include those issues that he believed was meritorious in the Rule 11 application is a proper tactical decision – one that this Court will not second guess." Petitioner appeals the decision of the post-conviction court.

*Analysis*

Petitioner argues that the post-conviction court should have granted relief based on trial counsel's failure to advise Petitioner about the ex post facto and double jeopardy

issues, trial counsel's failure to advocate for Petitioner on the ex post facto and double jeopardy issues, and appellate counsel's failure to raise the ex post facto and double jeopardy issues on appeal.[1]  The State disagrees and argues that Petitioner's trial and appellate counsel were reasonably adequate because Petitioner's contentions regarding the ex post facto and double jeopardy issues are not meritorious.  Further, the State argues that Petitioner's claim of ineffectiveness of appellate counsel is waived because he did not raise this issue in his petition.  We agree with the State.

Post-conviction relief is available for any conviction or sentence that is "void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States."  T.C.A. § 40-30-103.  In order to prevail in a claim for post-conviction relief, a petitioner must prove his or her factual allegations by clear and convincing evidence.  T.C.A. § 40-30-110(f); *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999).  "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence."  *Hicks v. State*, 983 S.W.2d 240, 245 (Tenn. Crim. App. 1998).

Both the Sixth Amendment to the Constitution of the United States and article I, section 9 of the Tennessee Constitution guarantee the right of an accused to the effective assistance of counsel.  *See Davidson v. State*, 453 S.W.3d 386, 392-93 (Tenn. 2014).  In order to sustain a claim of ineffective assistance of counsel, a petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases.  *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975).  Under the two prong test established by *Strickland v. Washington*, 466 U.S. 668, 687 (1984), a petitioner must prove that counsel's performance was deficient and that the deficiency prejudiced the defense.  *See State v. Taylor*, 968 S.W.2d 900, 905 (Tenn. Crim. App. 1997) (noting that the same standard for determining ineffective assistance of counsel applied in federal cases also applies in Tennessee).  Because a petitioner must establish both elements in order to prevail on a claim of ineffective assistance of counsel, "failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim."  *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).  "Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component."  *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697).

---

[1] We note that Petitioner filed multiple pro se amendments to his brief which appear to allege that his post-conviction counsel was ineffective for failing to raise an illegality in the Shelby County Grand Jury procedure.  "However, a person may not proceed with counsel and pro se at the same time."  *State v. Lyons*, 23 S.W.3d 48, 51 n.2 (Tenn. Crim. App. Oct. 8, 1999) (citing *State v. Burkhart*, 541 S.W.2d 365, 371 (Tenn. 1976)).  Therefore, the pro se amendments to Petitioner's brief and the issues raised therein will not be considered by this Court.

The test for deficient performance is whether counsel's acts or omissions fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688; *Henley*, 960 S.W.2d at 579. This Court must evaluate the questionable conduct from the attorney's perspective at the time, *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982), and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *State v. Burns*, 6 S.W.3d 453, 462 (Tenn. 1999). This Court will not use hindsight to second-guess a reasonable trial strategy, even if a different procedure or strategy might have produced a different result. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *Williams v. State*, 599 S.W.2d 276, 279-80 (Tenn. Crim. App. 1980). However, this deference to the tactical decisions of trial counsel is dependent upon a showing that the decisions were made after adequate preparation. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Even if a petitioner shows that counsel's representation was deficient, the petitioner must also satisfy the prejudice prong of the Strickland test in order to obtain relief. The question is "whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A petitioner must show that there is a reasonable probability "sufficient to undermine confidence in the outcome" that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Burns*, 6 S.W.3d at 463 (quoting *Strickland*, 466 U.S. at 694). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* (quoting *Strickland*, 466 U.S. at 691).

Whether a petitioner has been denied the effective assistance of counsel presents a mixed question of law and fact. *Burns*, 6 S.W.3d at 461. This Court will review the post-conviction court's findings of fact "under a de novo standard, accompanied with a presumption that those findings are correct unless the preponderance of the evidence is otherwise." *Fields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001) (citing Tenn. R. App. P. 13(d); *Henley*, 960 S.W.2d at 578). This Court will not re-weigh or re-evaluate the evidence presented or substitute our own inferences for those drawn by the trial court. *Id.* at 456. Questions concerning witness credibility, the weight and value to be given to testimony, and the factual issues raised by the evidence are to be resolved by the post-conviction court. *Id.* However, the post-conviction court's conclusions of law and application of the law to the facts are reviewed under a purely de novo standard, with no presumption of correctness. *Id.* at 458.

*Ineffectiveness of Trial Counsel*

In this case, Petitioner argues that trial counsel was ineffective for failing to advocate for the application of *Denton*, rather than *Watkins*, in determining whether his

convictions for reckless endangerment and aggravated assault should have merged. Petitioner claims that if *Denton* had applied, his convictions would have merged in order to avoid violating double jeopardy principles. However, Petitioner does not claim that his convictions were a double jeopardy violation under the *Blockburger* test as set forth in *Watkins*.

In *Denton*, our supreme court established a four-part test which set forth the following factors to be considered in the evaluation of a double jeopardy claim: (1) whether each offense includes an element that the other does not; (2) whether the same evidence was used to establish the offenses; (3) whether the offenses involved multiple victims or discrete acts; and (4) whether the statutes serve the same purpose. *Denton*, 938 S.W.2d at 381. No single factor of the *Denton* test was determinative, but rather, each factor was weighed and considered in relation to each other. *Id.*

In *Watkins*, our supreme court abandoned the state-specific test from *Denton* and held that the same-elements test from *Blockburger* must be used to evaluate a double jeopardy claim by a defendant who has been convicted of multiple crimes under different statutes. *Watkins*, 362 S.W.3d at 556. First, *Watkins* requires courts to look to legislative intent. *Id.* at 557. Next, a court determines whether the convictions arise from the same act or transaction. *Id.* If the convictions arise from the same act or transaction, *Watkins* requires a determination of whether each offense includes an element that the other does not. *Id.* If each offense contains a different element, there is a presumption that the legislature intended to permit multiple punishments. *Id.* This decision aligned our state's double jeopardy analysis with that of the vast majority of our sister states. *Id.* at 546.

Three years after the *Watkins* decision, our supreme court held that the retroactive application of *Watkins* to crimes that were committed before it was decided did not run afoul of due process because the abandonment of the *Denton* test was not "'unexpected and indefensible by reference to the law as it then existed.'" *State v. Feaster*, 466 S.W.3d 80, 87 (Tenn. 2015) (quoting *Rogers v. Tennessee*, 532 U.S. 451, 464 (2001)). Further, our supreme court noted that Tennessee courts had consistently applied *Watkins* in cases involving offenses that predated that decision. *Id.* at n.4 (citing *State v. Hogg*, 448 S.W.3d 877, 886-87 (Tenn. 2014); *State v. Cross*, 362 S.W.3d 512, 519-22 (Tenn. 2012); *State v. Antonio Dockery*, No. W2012-01024-CCA-R3-CD, 2014 WL 172379, at *13 (Tenn. Crim. App. Jan. 15, 2014), *perm. app. denied* (Tenn. May 14, 2014)). Though trial counsel was unable to rely upon these rulings at the time of Petitioner's trial, we cannot fault trial counsel for interpreting the application of *Watkins* in the same manner as this Court and our supreme court. In other words, trial counsel's apparent conclusion that *Watkins* would apply in this case was reasonable. There is no indication that trial counsel was inadequately prepared. In fact, Petitioner even stated that trial counsel had done everything that he had asked of her. We regard trial counsel's decision to forego an

argument for the application of *Denton* as a reasonable tactical decision. Thus, trial counsel's representation of Petitioner was not deficient.

Even if trial counsel's performance was deficient, Petitioner has failed to prove that he was prejudiced by trial counsel's decision to forego an argument that *Denton* should apply. The trial court informed Petitioner about the application of *Watkins* prior to trial. We have no reason to doubt that the trial court's decision to apply *Watkins* was made after due deliberation and research of the applicable law. Petitioner has not shown that trial counsel's presentation of an argument for the application of *Denton* would have changed the opinion of the trial court to apply *Watkins*. Trial counsel's decision to forego arguing for the application of *Denton* did not render the result of the trial unreliable, and no action taken by trial counsel rendered the proceeding fundamentally unfair.

Insofar as Petitioner claims that his counsel was ineffective because he was not advised of *Watkins* and its effect on his double jeopardy rights, we find this issue to be meritless. The record clearly reflects that the trial court advised Petitioner as to the effects of the *Watkins* on Petitioner's situation, and Petitioner indicated that he understood. We refuse to hold that trial counsel was ineffective for merely not providing Petitioner with duplicitous information that was already given to Petitioner by the trial court, and there is no indication that this would have prejudiced the Petitioner.

To the extent that Petitioner argues that *Denton* should have applied in this case and his convictions should have merged, we refuse to allow him to use a claim for ineffective assistance of counsel as a vehicle to bring that issue before this Court. Petitioner did not raise the double jeopardy, ex post facto, or merger issues as a basis for post-conviction relief in his original or amended petitions outside of the scope ineffective assistance of counsel. Thus, as independent bases for post-conviction relief, the issues of double jeopardy, ex post facto, and merger have been waived. *See Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. 2004) (stating that "waiver occurs when 'the petitioner personally or through an attorney fails to present the claim for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented'") (quoting T.C.A. § 40-30-106(g) (2003)).

*Ineffectiveness of Appellate Counsel*

Petitioner raises for the first time in this appeal that his appellate counsel was ineffective when appellate counsel did not raise the double jeopardy and ex post facto issues on direct appeal. Because this particular issue was not raised in either the Petitioner's original or amended petitions, the issue is waived. *See Cauthern*, 145 S.W.3d at 599. Even if the issue was not waived, Petitioner's claim has no merit because we find that appellate counsel's representation was effective for the same reasons set forth above in our finding that trial counsel's representation was effective. *See Carpenter*

*v. State*, 126 S.W.3d 879, 887-88 (Tenn. 2004) (holding that "[w]hen an omitted [appellate] issue is without merit, the petitioner cannot prevail on an ineffective assistance of counsel claim").

*Conclusion*

For the aforementioned reasons, we affirm the decision of the post-conviction court.

_____
TIMOTHY L. EASTER, JUDGE