# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00564-CV

**Katherine Mason-Murphy, Appellant**

**v.**

**Richard Dennis Grabowski, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-FM-08-002968, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## O P I N I O N

Katherine Mason-Murphy appeals the trial court's June 4, 2009 Order in Suit to Modify Parent-Child Relationship concerning her daughter A.T. Mason-Murphy challenges the provision in the written order that permits A.T.'s father, Richard Dennis Grabowski, to retain possession of A.T. on his weekends during the school year until the beginning of the next school day. Mason-Murphy does not challenge the trial court's original oral imposition of a modified standard possession order with Grabowski returning the child after weekend possession at 6 p.m. on Sunday, but asserts that the trial court erred by adopting in its subsequent written order Grabowski's election to retain possession until the beginning of school on Monday without hearing additional evidence or making additional findings and conclusions supporting the change.[1] We affirm.

---

[1] The order also extends the standard 6 p.m. Monday holiday return to the start of school on Tuesday. Our discussions of whether the trial court properly ordered weekend visitations to extend to the beginning of the next school day encompass these holiday provisions without further mention.

The agreed November 2001 custody decree was signed when A.T. was almost ten months old. The decree ordered gradually increasing possession for Grabowski until the child turned three years old, and set an essentially standard possession schedule thereafter except that Grabowski's Wednesday possession extended overnight through Thursday morning. At first, Grabowski lived in Austin, while Mason-Murphy lived in Houston. Grabowski then moved to Houston. Mason-Murphy moved to Austin just before A.T. started kindergarten. Grabowski continued to exercise his visitation rights until he moved back to Austin some months thereafter. Mason-Murphy then married a man who has a child about two years younger than A.T. Mason-Murphy and her husband had a child together in 2008.

Grabowski filed this suit seeking to modify the custody decree, including a request to increase the child support he pays. He initially sought to split possession evenly, but alternatively requested "extended" standard possession under which his Wednesday and weekend periods of possession during the school year would begin at the end of the school day rather than at 6 p.m., and would end with him returning A.T. to school the next school day. The parties and the trial court[2] agreed that Grabowski should pay more child support and that the alternate weekends of possession should shift so that A.T. is with her mother and stepfather on the same weekends that her stepbrother is there. The court's oral decree incorporated Grabowski's request to begin Wednesday and weekend visitations with pickup from school, and maintained the Thursday morning return and weekend return time on Sundays at 6 p.m. After the court announced its order, but before the hearing

_____

[2] The hearing was held and the order and findings of fact signed by Associate Judge J. Andrew Hathcock. The order was approved and signed by District Judge Orlinda Naranjo.

adjourned and before any written order was signed, Grabowski orally elected to have the fully extended standard possession. After considering briefs, the trial court incorporated into its written order Grabowski's election that his weekend possession periods during the school year end when A.T.'s school resumes.

The court issued findings of fact and conclusions of law in which it found that modification of the 2001 order was justified by the changes in A.T.'s life including (1) the various relocations of her parents, (2) her increased age (eight at the time of the modified order), and (3) the reconstitution of her mother's family to include a stepfather, stepbrother, and half-brother. The court found that the parties could agree to any possession schedule and that, failing agreement of the parties, the terms of the standard possession order were in A.T.'s best interest. The court concluded that former section 153.317 of the family code gave Grabowski the right to elect extended standard possession "regardless of any ruling by the Court to the contrary, if the Court finds the Standard Possession order is in the child's best interest." The court found that Grabowski timely made his election, and ordered that Grabowski's weekend possession periods end at the beginning of the next school day.

On appeal, Mason-Murphy contends that the trial court erred or abused its discretion by incorporating Grabowski's election into the modified decree. She concedes in her brief that the trial court's oral order announced near the end of the hearing on the motion to modify "was not an abuse of discretion,"[3] but argues that it "should not have been disturbed" by Grabowski's election

---

[3] We have reviewed the record and agree that the trial court did not abuse its discretion by finding that the circumstances surrounding A.T. had undergone substantial and material change, and that the terms of the oral possession order were in A.T.'s best interest.

3

for his school-year weekend possession to end at the beginning of the next school day. She asserts several variations on this theme in her issues on appeal: (1) having found that a Sunday evening return was in A.T.'s best interest, the trial court should not have ordered Sunday overnight possession, (2) the trial court should not have granted Grabowski's election without finding a sufficient showing of material and substantial change in circumstances, (3) the trial court should not have concluded that Grabowski's election made Sunday overnight possession mandatory, and (4) the trial court should not have granted Grabowski's election without complying with or reconciling that decision with family code sections 153.193, 153.251, 153.252, 153.253, and/or 153.256.

Grabowski made his election under former family code section 153.317, which provided as follows:

> If a child is enrolled in school and the possessory conservator elects before or at the time of the rendition of the original or modification order, the standard order must expressly provide that the possessory conservator's period of possession shall begin or end, or both, at a different time expressly set in the standard order under and within the range of alternative times provided by one or both of the following subdivisions:
>
> > (1) instead of a period of possession by a possessory conservator beginning at 6 p.m. on the day school recesses, the period of possession may be set in the standard possession order to begin at the time the child's school is regularly dismissed or at any time between the time the child's school is regularly dismissed and 6 p.m.; and
> >
> > (2) except for Thursday evening possession, instead of a period of possession by a possessory conservator ending at 6 p.m. on the day before school resumes, the period of possession may be set in the standard order to end at the time school resumes.

Act of May 27, 2003, 78th Leg., R.S., ch. 1036, § 15, sec. 153.317, 2003 Tex. Gen. Laws 2987, 2992

(amended 2009).[4]

Former section 153.137 did not require an additional showing or finding of changed circumstances before the trial court could incorporate the election. The legislatively determined process of rendering a custody decree involving the standard possession order includes the possibility of the election of extended standard possession. *See* former Tex. Fam. Code Ann. § 153.317. Grabowski made his election at the time the trial court was rendering the modification order.[5] The court's choice to request briefing and study whether it would incorporate Grabowski's election suspended rendition of the order as to the elements affected by the election. The trial court found that circumstances had changed sufficiently since the 2001 order to merit revisiting the terms of possession. The trial court did not err by failing to find that circumstances had changed again either

---

[4] We note that the statute speaks of possessory conservators, while Grabowski is a joint managing conservator. Mason-Murphy does not raise this as an issue, and courts appear to follow the Texarkana court's determination that, "[e]ven though the standard possession order under Section 153.316 sets out the possessory rights of the possessory conservator, the Section applies to joint managing conservators not awarded primary physical residence of the child pursuant to Tex. Fam. Code Ann. § 153.137 (Vernon 1996)." *Weldon v. Weldon*, 968 S.W.2d 515, 516 n.2 (Tex. App.—Texarkana 1998, no pet.). Even the case on which Mason-Murphy relies for her contention that the trial court had the discretion to reject Grabowski's election assumes that section 153.137 applies to joint managing conservators who were not awarded primary physical custody. *See generally In re C.A.P.*, 233 S.W.3d 896, 898-900 (Tex. App.—Fort Worth 2007, no pet.).

[5] Although the election occurred after the trial court announced its order, it occurred within the same hearing. We do not read the "at the time" language of former family code section 153.317 to require that the parent speak his election simultaneously with the trial court's oral rendition of the order. *See* Act of May 27, 2003, 78th Leg., R.S., ch. 1036, § 15, sec. 153.317, 2003 Tex. Gen. Laws 2987, 2992 (amended 2009). In the reporter's record, the election is on the same page as the completion of the court's oral rendition of its order. There is no indication that there was any interruption of proceedings between the oral rendition and the election. We conclude that Grabowski's election at the hearing was sufficiently close in time to satisfy the statute.

in the time between the court's oral announcement of its decision and Grabowski's election or in the days before the court's incorporation of Grabowski's election into its written order.

Former section 153.137 did not require a separate showing or finding that the extended possession elected is in the child's best interest before the trial court could incorporate the election. The legislature did not include such a requirement. The absence of such a requirement indicates that the legislature intended for the finding that the standard possession order was in the child's best interest to include the range of choices available to the electing parent. After finding that the standard 6 p.m. Sunday return was in A.T.'s best interest, the trial court did not have to find additionally that a Monday morning return was in her best interest. Under former family code section 153.317, that finding was implicitly rebuttably presumed to have been incorporated in the finding that the standard possession order was in her best interest. That election was, as all decisions on issues of possession of a child are, subject to the requirement that the best interest of the child "shall always be the primary consideration of the court." *See* Tex. Fam. Code Ann. § 153.002 (West 2008). There was testimony that the extended possession would enable A.T. to more fully engage in activities with her father on those alternate Sundays, including longer visits with his family in Chicago. There was testimony that A.T. returned to school unkempt on mornings her father possessed her overnight, but there was conflicting evidence on whether Grabowski was made aware of this problem. There was also testimony that A.T. was increasingly able to regulate her own grooming. The trial court did not err by failing to make an additional best interest finding, and did not abuse its discretion by failing to find that extended alternate Sunday visitation was not in A.T.'s best interest.

The trial court did not err by finding that Grabowski was entitled to have the election incorporated as an "absolute right" or by finding incorporation to be "mandatory" or "legislatively mandated," because it did not so find. The trial court's order on the motion to modify does not contain such language. The trial court's letter to the parties announcing its decision on the election does not contain such language.[6] The trial court's findings of fact and conclusions of law state that "Section 153.317 of the Texas Family Code gives Richard Grabowski the right to elect to begin his periods of possession at the time school is regularly dismissed, and to end his periods of possession at the time school resumes." The trial court also concluded that:

> Section 153.317 of the Texas Family Code gives Richard Grabowski the right to elect to begin his periods of possession at the time school is regularly dismissed, and to end his periods of possession at the time school resumes, regardless of any ruling by the Court to the contrary, if the Court finds the Standard Possession order is in the child's best interest.

The trial court did not state that section 153.317 overrode the requirement that the best interest of the child is the primary consideration of the court. *See id.* Even if it had, that conclusion would have been supported by the plain language of former section 153.317, which requires no *additional* findings of best interest following an election. Arguably, the legislature decided that the

---

[6] The trial court noted in a letter to the parties disclosing its decision on Grabowski's election that it had "briefly conferred with Professor Jack Sampson about his comment to Section 153.317." That comment states that "the judge is mandated to accede to the request of a possessory conservator for an order directing that: . . . return be when the next school day begins." *Sampson & Tindall's Texas Family Code Ann. 2008*, 643. The trial court did not state in its letter to the parties, its findings and conclusions, or its decree that it agreed with Professor Sampson's interpretation of former section 153.317. The trial court concluded only that it must incorporate the parent's election "if the Court finds the Standard Possession order is in the child's best interest."

7

determination that the standard possession order was in the child's best interest implicitly included a determination that the extended standard possession order was in the child's best interest.

The plain language of the court's findings and conclusions are consistent with the view that former section 153.317(2) did not leave the trial court discretion to reject Grabowski's election *so long as it found the standard possession order to be in A.T.'s best interest*. Although the election might have persuaded the trial court that the standard possession order was not in A.T.'s best interest and convinced it to withdraw that finding, it did not. Grabowski's timely election for extended possession coupled with the trial court's undisturbed finding that the standard possession order was in A.T.'s best interest made incorporation of the election mandatory.[7] *See* former Tex. Fam. Code Ann. § 153.317(2). That confluence of events meant that "the standard order must expressly provide that the possessory conservator's period of possession . . . may be set in the standard order to end at the time school resumes." *Id.* Other courts have found that the election is binding unless the trial court withdraws its finding that the standard possession order is in the child's best interest. *See Jacobs v. Dobrei*, 991 S.W.2d 462, 467 (Tex. App.—Dallas 1999, no pet.) (affirming trial court's refusal to incorporate father's election of extended standard possession after finding overnight possession on weekend ending with return to school was not in child's best interest); *see also In re C.A.P.*, 233 S.W.3d 896, 902 (Tex. App.—Fort Worth 2007, no pet.)

---

[7] We are not persuaded that the "may" in the second clause gave the trial court discretion to deny Grabowski's election. Giving meaning to all the words in the statute requires that we interpret the "must" as mandating that the court incorporate the parent's election. *See* Tex. Gov't Code Ann. §§ 311.016, .021(2) (West 2005). The "may" language recognizes that the parent is not required to choose all available extensions of the period of possession, that he or she may choose one or more of the options.

8

(concluding that best interest requirements of Tex. Fam. Code Ann. § 153.002 bear on requests for extended possession under section 153.317).  These decisions do not require a finding that the trial court below erred.

The 2009 legislature's express incorporation into section 153.137 of the discretion to reject a parent's election if it is not in the child's best interest does not show that the trial court erred in this case.  The statute now expressly requires the court to incorporate the conservator's election of extended standard possession "unless the court finds that the election is not in the best interest of the child." Tex. Fam. Code Ann. § 153.317(a) (West Supp. 2009).[8]  This amendment

---

[8] Section 153.317 now provides as follows:

(a) If elected by a conservator, the court shall alter the standard possession order under Sections 153.312, 153.314, and 153.315 to provide for one or more of the following alternative beginning and ending possession times for the described periods of possession, unless the court finds that the election is not in the best interest of the child:
  (1) for weekend periods of possession under Section 153.312(a)(1) during the regular school term:
    (A) beginning at the time the child's school is regularly dismissed; or
    (B) ending at the time the child's school resumes after the weekend;
  (2) for Thursday periods of possession under Section 153.312(a)(2):
    (A) beginning at the time the child's school is regularly dismissed; or
    (B) ending at the time the child's school resumes on Friday;
  (3) for spring vacation periods of possession under Section 153.312(b)(1), beginning at the time the child's school is dismissed for those vacations;
  (4) for Christmas school vacation periods of possession under Section 153.314(1), beginning at the time the child's school is dismissed for the vacation;
  (5) for Thanksgiving holiday periods of possession under Section 153.314(3), beginning at the time the child's school is dismissed for the holiday;
  (6) for Father's Day periods of possession under Section 153.314(5), ending at 8 a.m. on the Monday after Father's Day weekend;
  (7) for Mother's Day periods of possession under Section 153.314(6):
    (A) beginning at the time the child's school is regularly dismissed on

9

reinforces the precedence of the concern for the best interest of the child. The parent's election does not trigger the need for an additional finding that extended possession is in the child's best interest, but the statute allows the court to reject the election if it affirmatively finds that the extended possession is *not* in the child's best interest. *See id.* This amendment is consistent with our interpretation of the former statute, and does not support an argument that the trial court erred.[9]

Finally, Mason-Murphy contends that the trial court erred by failing to reconcile its order with several sections of the family code. Section 153.193 instructs courts that orders that deny, restrict, or limit a parent's right to possession may not exceed what is required to protect the child's best interest. Tex. Fam. Code Ann. § 153.193 (West 2008). This concept is typically invoked in cases in which visitation is prohibited or severely limited. *See, e.g.*, *George v. Jeppesen*, 238 S.W.3d 463, 470-71 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (affirming order that mother visit her children only at supervised visitation program); *see also Thompson v. Thompson*,

---

> the Friday preceding Mother's Day; or
> (B) ending at the time the child's school resumes after Mother's Day; or
>
> (8) for weekend periods of possession that are extended under Section 153.315(b) by a student holiday or teacher in-service day that falls on a Friday, beginning at the time the child's school is regularly dismissed on Thursday.
>
> (b) A conservator must make an election under Subsection (a) before or at the time of the rendition of a possession order. The election may be made:
> (1) in a written document filed with the court; or
> (2) through an oral statement made in open court on the record.

Tex. Fam. Code Ann. § 153.317 (West Supp. 2009).

[9] We note that, if Professor Sampson was correct that the former statute required courts to accede to the parent's election, then the trial court plainly did not err by incorporating Grabowski's election.

10

827 S.W.2d 563, 566-67 (Tex. App.—Corpus Christi 1992, writ denied) (reversing order awarding father possession only in summer); *Hill v. Hill*, 404 S.W.2d 641, 643 (Tex. Civ. App.—Houston [1st Dist.] 1966, no writ) (reversing order denying father visitation without mother's written consent). Section 153.251 provides that possession orders should encourage frequent contact between a child and each parent, and preferably should keep children in a family together during possession periods. Tex. Fam. Code Ann. § 153.251 (West 2008). Section 153.252 creates a rebuttable presumption that the standard possession order is in the child's best interest. *Id.* § 153.252. Section 153.253 provides that, if the standard possession order is unworkable, the court should approximate the time of possession awarded by the standard order. *Id.* § 153.253. Section 153.256 advises that, in creating the order, the court should consider the age, developmental status, circumstances, needs, and best interest of the child, the parents' circumstances, and other relevant factors. *Id*. § 153.256.

The trial court's order incorporating Grabowski's election is not inconsistent with other parts of the family code as Mason-Murphy contends. This trial court's order not only approximates the standard possession order, it is in relevant part a legislatively-approved variant of the standard possession order. The trial court expressly stated that A.T.'s age was one of the reasons for modifying the original 2001 order. The order maintains frequent contact with each parent, increasing Grabowski's monthly possession by roughly 14 hours on alternate weekends (and 14 hours more on the occasional fifth weekend of the month), albeit at the expense of Mason-Murphy's possession. However, Mason-Murphy's possession is not being denied or seriously limited. In a typical two-week cycle, she will possess A.T. approximately ten days and nine nights

11

to Grabowski's approximately four days and five nights. Further, the trial court deviated from the standard possession order to enable A.T. to spend alternate weekends with her stepbrother, achieving the goal of keeping the children—even those not related by blood—together when possible. The trial court's order "denies" Mason-Murphy possession less than it denies Grabowski possession, and does so while implementing the legislatively-approved extended standard possession order. The trial court's order is consistent with all of these statutes and needs no reconciliation with them.

Affirmed.

_____

G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: August 6, 2010