

**NUMBER 13-13-00594-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE B.L.B., P.M.B., & C.K.B., MINOR CHILDREN

---

**On appeal from the 22nd District Court
of Hays County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria
Memorandum Opinion by Justice Longoria**

In this suit affecting the parent-child relationship ("SAPCR"), *see* TEX. FAM. CODE

ANN. § 101.032 (West, Westlaw through 2013 3d C.S.) ("Suit Affecting the Parent-Child

Relationship"), "M.B.," the father of "B.L.B.," "P.M.B.," and "C.K.B.,"[1] appeals a

---

[1] In this SAPCR, we will refer to the parties by their initials only to protect their identities and privacy. *See* TEX. FAM. CODE ANN. § 109.002(d) (West, Westlaw through 2013 3d C.S.) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only.").

modification order entered by the trial court[2] on the request of "S.B.," the mother of the children, to increase the amount of M.B.'s periodic child support payments, reduce M.B.'s rights to visit P.M.B. and C.K.B., the two children who remain under the age of eighteen, and reduce M.B.'s decision-making authority with respect to the two minor children.[3] M.B. answered the SAPCR and filed a counterclaim seeking extended possession of the children. *See id.* § 153.317 (West, Westlaw through 2013 3d C.S.) ("Alternative Beginning and Ending Possession Times"). On August 22, 2013, after holding a bench trial, the trial court entered a written order granting, in part, the relief requested by S.B. by, among other things, (1) modifying M.B.'s rights of possession and access; (2) modifying the amount of M.B.'s periodic child support payments to $2,250 per month, an amount agreed to by the parties; (3) awarding $20,000 in attorney's fees to S.B.; and (4) ordering M.B. to "reimburse" S.B. "for 50% of all the tutoring fees for . . . [C.K.B.] incurred on or before May 16, 2013." Although the trial court's order did not specifically state that M.B.'s counterclaim for extended possession was denied, the order expressly included the standard terms of possession, instead of extended possession, and stated "that all relief requested in this case and not expressly granted is denied." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 203–04 (Tex. 2001) ("If there has been a full trial on the merits

---

[2] *See* TEX. FAM. CODE ANN. § 156.001 (West, Westlaw through 2013 3d C.S.) ("A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child."); *id.* § 109.002(b) ("An appeal may be taken by any party to a suit from a final order rendered under this title."); *Bilyeu v. Bilyeu*, 86 S.W.3d 278, 280 (Tex. App.—Austin 2002, no pet.) ("In a suit to modify a SAPCR, while any modifications made by the trial court may alter the effect of the initial SAPCR provisions, the original decree remains final and a new final order results from the modification proceeding.").

[3] This case was transferred from the Third Court of Appeals to this Court under a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

either to the bench or before a jury, the language [to the effect that all relief not granted is denied] indicates the court's intention to finally dispose of the entire matter . . . .").

In this appeal, M.B. raises three issues in which he asks this Court to answer the following questions: (1) "[d]id the trial judge abuse his discretion in awarding . . . [S.B.] $20,000 in attorney's fees?"; (2) "[d]id the trial court err in not awarding . . . [M.B.] standard alternative/extended possession . . . as provided in Section 153.317 [of] the Texas Family Code?"; and (3) "[d]id the trial judge err in awarding a 'reimbursement' of an unspecified/undetermined amount of 'tutoring fees?'"

For the reasons set forth in greater detail below, we decide the issues presented by M.B. as follows: (1) the trial court abused its discretion in awarding $20,000 in attorney's fees to S.B. because the only expert testimony to support the award was inadmissible as a matter of law, *see Woollett v. Matyastik*, 23 S.W.3d 48, 52 (Tex. App.—Austin 2000, pet. denied) ("Expert testimony is required to support an award of attorney's fees."); (2) the trial court did not abuse its discretion by denying M.B.'s request for extended possession because M.B. failed to produce evidence sufficient to rebut the presumption that the standard terms of possession were in the best interest of the children, *see In re J.R.D.*, 169 S.W.3d 740, 743 (Tex. App.—Austin 2005, pet. denied) ("There is a rebuttable presumption that the standard visitation order . . . is in the best interest of the child."); and (3) the trial court abused its discretion by ordering M.B. to reimburse S.B. for C.K.B.'s tutoring fees because it amounted to an award of retroactive child support in excess of the amount provided for by the guidelines and the trial court failed to make the required findings for an order of child support exceeding the statutory guidelines. *See* TEX. FAM. CODE ANN. § 154.130 (West, Westlaw through 2013 3d C.S.).

3

Based on the foregoing, we reverse the trial court's order in part and remand the case for further proceedings consistent with this opinion.

## I. ATTORNEY'S FEES

In his first issue, M.B. challenges the trial court's award of $20,000 in attorney's fees to S.B. M.B. contends that the trial court abused its discretion in admitting the testimony of S.B.'s attorney over his objection that the attorney was not timely designated as an expert witness, *see* TEX. R. CIV. P. 194, because the testimony was inadmissible as a matter of law under the exclusionary rule provided in Rule 193.6(a) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 193.6(a). Additionally, M.B. contends that the evidence is legally and factually insufficient to support the award of attorney's fees.

### A. Applicable Law

"As a general rule, the party seeking to recover attorney's fees carries the burden of proof." *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991). "Numerous sections in the Family Code authorize a trial court to award attorney's fees in a SAPCR." *Tucker v. Thomas*, 419 S.W.3d 292, 296 (Tex. 2013). "Section 106.002, applicable to all SAPCRs, invests a trial court with general discretion to render judgment for reasonable attorney's fees to be paid directly to a party's attorney." *Id*. (citing TEX. FAM. CODE ANN. § 106.002(a); *Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002) ("An attorney's fees award in a suit affecting the parent-child relationship is discretionary with the trial court.")).

"The determination of reasonable attorney's fees is a question for the trier of fact." *Mercier v. Sw. Bell Yellow Pages, Inc.*, 214 S.W.3d 770, 775 (Tex. App.—Corpus Christi 2007, no pet.). "Although courts should consider several factors when awarding attorney's fees, a short hand version of these considerations is that the trial court may

4

award those fees that are 'reasonable and necessary' for the prosecution of the suit."

*Stewart Title*, 822 S.W.2d at 10. This Court and the Austin Court of Appeals have previously recognized in relevant part as follows:

> Factors to be considered in determining the amount of reasonable attorney's fees include: (1) the time and labor required, novelty and difficulty of the question presented, and the skill required to properly perform the legal service; (2) the likelihood that the acceptance of employment precluded other employment by the lawyer; (3) the fee customarily charged in the locality for similar services; (4) the amount involved and the results obtained; (5) the time limitations imposed by the client or by the circumstances; (6) the nature and length of the professional relationship with the client; (7) the experience, reputation, and ability of the lawyer performing the services; and (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Mercier*, 214 S.W.3d at 775–76 (citing, *inter alia*, *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); *see also EMC Mortg. Corp. v. Davis*, 167 S.W.3d 406, 418 n.8 (Tex. App.—Austin 2005, pet. denied) (quoting factors listed in *Arthur Andersen*). "The court can also look at the entire record, the evidence presented on reasonableness, the amount in controversy, the common knowledge of the participants as lawyers and judges, and the relative success of the parties." *Mercier*, 214 S.W.3d at 776.

**B. Standard of Review**

"A trial court's award of attorney's fees is . . . reviewed for an abuse of discretion." *Id*. at 775 (citing, *inter alia*, *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex.1990) (per curiam)). "A trial court abuses its discretion when it acts arbitrarily and unreasonably and without reference to guiding rules and principles." *Id*. (citing *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d 238, 241–42 (Tex. 1985)). "When reviewing matters reserved for the trial court's discretion, a court of appeals may not substitute its

5

own judgment for that of the trial court." *Id*. (citing *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41–42 (Tex. 1989)). "Under an abuse of discretion standard, legal and factual sufficiency challenges to the evidence are not independent grounds of error, but are relevant factors in assessing whether the trial court abused its discretion." *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied).

"A legal sufficiency challenge will be sustained if the record reveals that evidence offered to prove a vital fact is no more than a scintilla." *Kia Motors Corp. v. Ruiz*, No. 11-0709, 2014 WL 1258169, at *7 (Tex. Mar. 28, 2014) (citing *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003)). "Evidence does not exceed a scintilla if it is 'so weak as to do no more than create a mere surmise or suspicion' that the fact exists." *Id*. (quoting *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Kindred v. Con/Chem, Inc*., 650 S.W.2d 61, 63 (Tex. 1983))).

"Our ultimate objective in conducting a no-evidence review is to determine 'whether the evidence at trial would enable reasonable and fair-minded jurors to reach the verdict.'" *Id*. (quoting *Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 638 (Tex. 2009)). "Thus, in reviewing the record, we 'credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not.'" *Id*. (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). The Texas Supreme Court has explained in relevant part as follows:

> [A] legal sufficiency issue will be sustained if the record reveals one of the following: (1) the complete absence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence established conclusively the opposite of the vital fact.

*Whirlpool Corp.*, 298 S.W.3d at 639.

In a factual sufficiency review, we consider and weigh all the evidence, both supporting and contradicting the finding." *Bryan v. Gordon*, 384 S.W.3d 908, 913 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998)). "We set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Id*. (citing *Pool v. Ford Motor Co*., 715 S.W.2d 629, 635 (Tex. 1986)). "We may not substitute our own judgment for that of the trier of fact or pass upon the credibility of the witnesses." *Id*. "The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse a judgment." *Id*. at 913–14.

"The court of appeals is not a fact finder." *Ellis*, 971 S.W.2d at 407. "Accordingly, the court of appeals may not pass upon the witnesses' credibility or substitute its judgment for that of the . . . [trier of fact], even if the evidence would clearly support a different result." *Id*. "If the court of appeals determines that the evidence supports the . . . verdict, it is not required to detail all the evidence supporting the judgment when it affirms the trial court's judgment for actual damages." *Id*. "On the other hand, when reversing a trial court's judgment for factual insufficiency, the court of appeals must detail all the evidence relevant to the issue and clearly state why the . . . finding is factually insufficient or so against the great weight and preponderance of the evidence that it is manifestly unjust." *Id*. "The court of appeals must explain how the contrary evidence greatly outweighs the evidence supporting the verdict." *Id*.

The Texas Supreme Court has indicated that reviewing courts may not uphold the sufficiency of the evidence to support a verdict based on evidence "which should have been excluded by the trial court." *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897,

7

909 (Tex. 2004). For instance, in *Ramirez*, the Texas Supreme Court held that the testimony of an unidentified witness was "no evidence of causation" because it was "hearsay that should have been excluded by the trial court." *Id.* Similarly, in *Whirlpool Corporation*, the Texas Supreme Court held that "unreliable scientific evidence or expert testimony is not only inadmissible, but also . . . insufficient to support a verdict." *Whirlpool Corp.*, 298 S.W.3d at 638. In *Coastal Transport*, the Texas Supreme Court reiterated that "incompetent evidence . . . cannot support a judgment." *Coastal Transport Co., Inc. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 232 (Tex. 2004).

In general, "incompetent evidence" is "not relevant evidence, because it does not tend to make the existence of a material fact 'more probable or less probable.'" *Id.* (quoting TEX. R. EVID. 401). Therefore, "conclusory statements [are incompetent evidence and] cannot support a judgment even when no objection was made to the statements at trial." *Id.* That is, "[b]are, baseless opinions will not support a judgment even if there is no objection to their admission in evidence." *City of San Antonio v. Pollock*, 284 S.W.3d 809, 816 (Tex. 2009).

In this case, our analysis involves the second sufficiency point Justice Calvert identified in his widely cited article that applies when "the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact." Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEX. L. REV. 361, 362–63 (1960). Justice Calvert explained this area of the law in relevant part as follows:

> [This] situation poses only law questions. The so-called evidence is present, and if it may be given probative force at all it will sustain a verdict and judgment. If, however, it must be discarded because it is hearsay or because its admission and consideration violates the parol evidence rule, or for some similar reason, there will be no evidence left on which the verdict and judgment may rest.

8

*Id.* at 363 (footnotes omitted).[4]

## C. Failure to Timely Identify S.B.'s Attorney as an Expert Witness

M.B. contends that the trial court erred in admitting the testimony of S.B.'s attorney because S.B. "failed to properly identify her counsel (or anyone else) as an expert on attorney's fees in response to" M.B.'s request for disclosure. *See* TEX. R. CIV. P. 194.

"Under Rule 193.6, discovery that is not timely disclosed and witnesses that are not timely identified are inadmissible as evidence." *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 881 (Tex. 2009) (citing TEX. R. CIV. P. 193.6(a)). "A party who fails to timely designate an expert has the burden of establishing good cause or a lack of unfair surprise or prejudice before the trial court may admit the evidence." *Id.* (citing TEX. R. CIV. P. 193.6(b)).

"The good cause exception permits a trial court to excuse a failure to comply with discovery in difficult or impossible circumstances." *Alvarado v. Farah Mfg. Co. Inc.*, 830 S.W.2d 911, 914 (Tex. 1992). "The trial court has discretion to determine whether the offering party has met his burden of showing good cause to admit the testimony; but the trial court has no discretion to admit testimony excluded by the rule without a showing of good cause." *Id.*

Similarly, "[a] finding of . . . lack of unfair surprise or prejudice to the adverse party must be supported by the record." *In re Kings Ridge Homeowners Ass'n, Inc.*, 303 S.W.3d 773, 783 (Tex. App.—Fort Worth 2009, orig. proceeding). "The trial court has

---

[4] In the context of a criminal case, the rule is different because the reviewing court "considers all evidence in the record of the trial, whether it was admissible or inadmissible." *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). We also note that Rule 802 of the Texas Rules of Evidence states in relevant part that "[i]nadmissible hearsay admitted without objection shall not be denied probative value merely because it is hearsay." TEX. R. EVID. 802.

9

discretion to determine whether the offering party met this burden," *Bellino v. Comm'n for Lawyer Discipline*, 124 S.W.3d 380, 383 (Tex. App.—Dallas 2003, pet. denied), but the trial court abuses its discretion if no "probative and substantive evidence supports the . . . [ruling]." *In re C.C.J.*, 244 S.W.3d 911, 917 (Tex. App.—Dallas 2008, no pet.).

## D. Discussion

In this case, it is undisputed that S.B. "failed to properly identify her counsel (or anyone else) as an expert on attorney's fees in response to" M.B.'s request for disclosure. *See* TEX. R. CIV. P. 194. Furthermore, at trial, S.B. failed to establish, and in fact, did not even attempt to establish, good cause or lack of unfair surprise or prejudice to M.B. *See* TEX. R. CIV. P. 193.6(b). Nevertheless, the trial court overruled M.B.'s objection and allowed S.B.'s attorney to testify regarding his attorney's fees, stating that S.B.'s attorney did not "have to be [designated as] an expert just to say how much he's entitled to . . . [in attorney's fees]."

On appeal, M.B. argues that the trial court erred in overruling his objection to the testimony by S.B.'s attorney because S.B. "offered no evidence to meet her burden of showing good cause or the lack of unfair surprise or unfair prejudice." *See id.* S.B. responds that M.B. "was certainly not surprised by . . . [S.B.'s] attorney['s] fee request" and therefore the trial court "did not abuse its discretion in awarding attorney['s] fees" to S.B. We disagree with S.B. on this point.

At trial, S.B. did not attempt to meet her burden of showing good cause or the lack of unfair surprise or unfair prejudice. *See id.* Furthermore, the record does not support an implied finding of good cause or the lack of unfair surprise or unfair prejudice. *See id.* Instead, the trial court expressly stated that its reason for allowing S.B.'s attorney to testify

10

over M.B.'s objection was that there was no case law that S.B.'s attorney was "considered an expert for his own attorney's fees" and thus he did not need to be designated. We believe this was incorrect.

"Expert testimony is required to support an award of attorney's fees." *Woollett*, 23 S.W.3d at 52; *see also Twin City Fire Ins. Co. v. Vega-Garcia*, 223 S.W.3d 762, 769 (Tex. App.—Dallas 2007, pet. denied) ("The issue of reasonableness and necessity of attorney's fees requires expert testimony."). We recognize that the Texas Supreme Court has previously acknowledged that an attorney's testimony about the reasonableness of his or her fees is different than other expert testimony, when it explained in relevant part as follows:

> An attorney's testimony about the reasonableness of his or her own fees is not like other expert witness testimony. Although rooted in the attorney's experience and expertise, it also consists of the attorney's personal knowledge about the underlying work and its particular value to the client. The testimony is similar to that of a property owner whose personal knowledge qualifies him to give an opinion about his own property's value.

*Garcia v. Gomez*, 319 S.W.3d 638, 641 (Tex. 2010). Although an attorney's testimony about the reasonableness of his or her own fees "is not like other expert witness testimony," it is still considered the testimony of an expert witness. *Id.*; *Gulf Paving Co. v. Lofstedt*, 188 S.W.2d 155, 161 (Tex. 1945) ("This testimony [of attorneys regarding the value of their services] is opinion evidence of expert witnesses . . . ."); *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 391 (Tex. App.—Austin 2010, pet. denied) (holding that requests for attorney's fees must be "supported by expert testimony of the attorney's hourly rate and hours expended") (quotations omitted). Furthermore, "[a] court does not have authority to adjudicate the reasonableness of attorney's fees on judicial knowledge without the benefit of evidence [in the form of expert testimony]." *Woollett*, 23 S.W.3d at

11

52.    Accordingly, the trial court erred in concluding that S.B.'s attorney was not "considered an expert for his own attorney's fees."

On appeal, S.B. argues that the trial court did not commit reversible error by allowing S.B.'s attorney to testify because M.B. "essentially received a continuance of over 2 weeks before the time the attorney['s] fees were officially put on the record during . . . [S.B.'s] opening argument and the time of the actual testimony." *See* Tex. R. Civ. P. 193.6(c) (stating that "[e]ven if the party seeking to introduce the evidence or call the witness fails to carry the burden under paragraph (b), the court may grant a continuance or temporarily postpone the trial to allow a response to be made, amended, or supplemented, and to allow opposing parties to conduct discovery regarding any new information present by that response"). We disagree that M.B. was granted a continuance.

In response to M.B.'s objection about S.B.'s failure to designate her attorney as an expert witness, the trial court did not stop the trial; rather, the trial court stated that it would "let . . . [S.B.'s attorney] go ahead and state what you want. I'll note your objection. If, after reviewing the case law, I'm of the opinion that what you say is correct, then I'll just make a finding on that." S.B.'s attorney then testified over M.B.'s objections.

Based on the foregoing, we conclude that the trial court did not grant a continuance. Rather, the trial court admitted the testimony over M.B.'s objection. We further conclude that the trial court abused its discretion by admitting the testimony of S.B.'s attorney because S.B. failed to timely identify him as an expert witness and failed to establish, in fact, did not even attempt to establish, good cause or lack of unfair surprise or prejudice to M.B., which rendered the testimony inadmissible as a matter of law. *See*

12

TEX. R. CIV. P. 193.6(a) ("A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified . . . ."); *E.F. Hutton & Co., Inc. v. Youngblood*, 741 S.W.2d 363, 364 (Tex. 1987) (holding that parties were "not entitled to attorney's fees" because they "failed to designate an expert witness regarding their claim for 'reasonable and necessary' attorney's fees" in case where parties' attorney "called himself and one other attorney to testify" and the trial court overruled adverse party's objection). Therefore, the trial court had no discretion to admit the testimony over M.B.'s objection. *See In re B.T.*, 323 S.W.3d 158, 160 (Tex. 2010) ("A trial court has no 'discretion' in determining what the law is or applying the law to the facts.") (quoting *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)); *Whirlpool Corp.*, 298 S.W.3d at 638 ("[A] trial court's ruling as to admissibility of evidence . . . is reviewed for abuse of discretion.").

Finally, we note that the testimony of S.B.'s attorney was the only expert testimony offered to support the award of attorney's fees. *See Woollett*, 23 S.W.3d at 52 ("Expert testimony is required to support an award of attorney's fees."). Since the testimony was inadmissible as a matter of law under Rule 193.6(a), *see* TEX. R. CIV. P. 193.6(a), and the trial court was therefore barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, *see Whirlpool Corp.*, 298 S.W.3d at 639, we conclude that the evidence was legally insufficient to support the award of attorney's fees. *See id.* Furthermore, because "[a] court does not have authority to adjudicate the reasonableness of attorney's fees on judicial knowledge without the benefit of evidence [in the form of expert testimony]," we conclude that the trial court abused its discretion in

13

awarding $20,000 in attorney's fees to S.B. *Woollett*, 23 S.W.3d at 52 (holding that "the district court adjudicated the reasonableness of the [attorney's] fees without the benefit of evidence . . . [and therefore] erred in granting the application [for fees]").

Although we have concluded that the evidence was legally insufficient to support the award of attorney's fees, we do not render a take nothing judgment against S.B. because an award of attorney's fees is discretionary with the trial court, not this Court. *See Edwards Aquifer Auth. v. Chem. Line, Ltd.*, 291 S.W.3d 392, 404 (Tex. 2009) (noting that award of attorney's fees involved "considerations addressed to the trial court's discretion," holding that "the trial court should have the opportunity to reconsider its award," and "remand[ing] to the trial court for further proceedings consistent with this opinion"). We remand the case for further proceedings consistent with this opinion rather than rendering a judgment against S.B. because rendering a judgment would usurp the trial court's discretion to determine whether to award attorney's fees in this SAPCR. *See Woollett*, 23 S.W.3d at 53 (holding that "the district court erred in ordering fees without supporting proof or an evidentiary hearing," reversing "the district court's order approving . . . attorney's fees," and "remand[ing] the cause to the district court for reconsideration of the application in light of this opinion"). In short, the error calls for a new trial on attorney's fees. *See* TEX. R. APP. P. 44.1(b) ("Error Affecting Only Part of Case"); *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 765 (Tex. 2012) ("[W]e hold that the fee application and proof in this case did not provide the trial court legally sufficient evidence to calculate a reasonable fee award using the lodestar method. . . . [W]e reverse the court of appeals' judgment affirming the attorney's fee award and remand to the trial court for a redetermination of fees consistent with this opinion.").

14

We do not address the distinct, subsidiary issue raised by M.B. about whether the evidence was factually sufficient to support the trial court's award of attorney's fees, *see Pool*, 715 S.W.2d at 635, because even if we sustained that point, M.B. would not be entitled to relief beyond what we have already granted. *See* TEX. R. APP. P. 47.1. Accordingly, without reaching the factual sufficiency issue raised by M.B., we conclude that the trial court abused its discretion in awarding $20,000 in attorney's fees to S.B. *See Zeifman*, 212 S.W.3d at 587.

We sustain M.B.'s first issue.

## II. ALTERNATE POSSESSION SCHEDULE

In his second issue, M.B. contends that the trial court erred in failing to grant his request for alternate or extended visitation with his children. *See* TEX. FAM. CODE ANN. § 153.317(a).

## A. Applicable Law

Before it was amended by the Texas Legislature in 2009, former Section 153.317 of the Texas Family Code provided as follows:

> If a child is enrolled in school and the possessory conservator elects before or at the time of the rendition of the original or modification order, the standard order must expressly provide that the possessory conservator's period of possession shall begin or end, or both, at a different time expressly set in the standard order under and within the range of alternative times provided by one or both of the following subdivisions:
>
> > (1) instead of a period of possession by a possessory conservator beginning at 6 p.m. on the day school recesses, the period of possession may be set in the standard possession order to begin at the time the child's school is regularly dismissed or at any time between the time the child's school is regularly dismissed and 6 p.m.; and
> >
> > (2) except for Thursday evening possession, instead of a period of possession by a possessory conservator ending at 6 p.m. on the day

15

> before school resumes, the period of possession may be set in the standard order to end at the time school resumes.

Act of May 27, 2003, 78th Leg., R.S., ch. 1036, § 15, 2003 Tex. Gen. Laws 2987, 2992 (amended in 2009).

"Former Section 153.137 did not require an additional showing or finding of changed circumstances before the trial court could incorporate the election." *Mason-Murphy v. Grabowski*, 317 S.W.3d 923, 927 (Tex. App.—Austin 2010, no pet.). "The legislature did not include such a requirement." *Id*. "The absence of such a requirement indicates that the legislature intended for the finding that the standard possession order was in the child's best interest to include the range of choices available to the electing parent." *Id*.[5] "Under former Family Code Section 153.317, that finding was implicitly rebuttably presumed to have been incorporated in the finding that the standard possession order was in . . . [the child's] best interest." *Id*. "That election was, as all decisions on issues of possession of a child are, subject to the requirement that the best interest of the child 'shall always be the primary consideration of the court.'" *Id*. (quoting TEX. FAM. CODE ANN. § 153.002).

In 2009, the Texas Legislature amended Section 153.317 to expressly state that the trial court has "discretion to reject a parent's election if it is not in the child's best interest." *Id*. at 928. "The statute now expressly requires the court to incorporate the conservator's election of extended standard possession 'unless the court finds that the election is not in the best interest of the child.'" *Id*. (quoting TEX FAM. CODE ANN. § 153.317(a)). According to the Austin Court of Appeals, under the current version of the

---

[5] "Standard possession order" means "an order that provides a parent with rights of possession of a child in accordance with the terms and conditions of Subchapter F, Chapter 153." TEX. FAM. CODE ANN. § 101.029 (West, Westlaw through 2013 3d C.S.) ("Standard Possession Order").

statute, "[t]he parent's election does not trigger the need for an additional finding that extended possession is in the child's best interest, but the statute allows the court to reject the election if it affirmatively finds that the extended possession is not in the child's best interest." *Id.*

## B. Standard of Review

"The trial court is given wide latitude in determining the best interests of a minor child." *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982). "An appellate court may reverse the trial court's ruling only if the trial court acted without reference to any guiding rules and principles, such that its ruling was arbitrary or unreasonable." *Low v. Henry*, 221 S.W.3d. 609, 614 (Tex. 2007).

## C. Relevant Facts

In this case, at the time of the final hearing, M.B. made an election for the alternate possession schedule pursuant to Section 153.317(a) of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 153.317(a). The trial court denied the request without making an affirmative statement that the alternate possession schedule was not in the best interest of the children. However, the trial court's modification order expressly included the standard terms of possession, instead of alternate possession, after stating "that the following orders are in the best interest of the children."

## D. Discussion

The parties have presented what appears to be a conflict in the case law from two intermediate courts of appeals. On the one hand, the Austin Court of Appeals, which we are required to follow in this case because it was transferred to us from that court, *see* TEX. R. APP. P. 41.3, has indicated that the trial court must enter an affirmative finding

17

that extended possession is not in the child's best interest before denying a parent's election for extended possession. *See Mason-Murphy*, 317 S.W.3d at 928. On the other hand, the Fort Worth Court of Appeals, in a memorandum opinion cited by S.B., has held that "no requirement exists that the trial court must make a formal, written not-in-the-best-interest-of-the-child finding before denying full extended possession." *Ruiz v. Ruiz*, No. 02-12-00136-CV, 2013 WL 530958, at *4 (Tex. App.—Fort Worth Feb. 14, 2013, no pet.) (mem. op.). It is sufficient, according to the Fort Worth Court of Appeals, that the trial court "implicitly" found that it was not in the child's best interest for there to be extended possession. *Id.*

Although we appreciate the perceived conflict between these two opinions, we ultimately conclude that they are not irreconcilable and do not require reversal of the trial court's order in this case. The statute requires the trial court to incorporate the election of extended possession "unless the court finds that the election is not in the best interest of the child." TEX. FAM. CODE ANN. § 153.317(a). Here, the trial court declined to incorporate M.B.'s election of extended possession into its written modification order, after specifically stating "that the following orders are in the best interest of the children." Thus, the trial court affirmatively found that its modification order, which effectively denied M.B.'s election of extended possession, was "in the best interest of the children." In our view, this fulfilled the requirement of Section 153.317(a) that the trial court incorporate the election of extended possession "unless the court finds that the election is not in the best interest of the child." *Id.* To the extent that the precedent of the Austin Court of Appeals in *Mason-Murphy* could be read to require that the trial court make a formal, written not-in-the-best-interest-of-the-child finding before denying full extended possession, we

18

believe that the language in the trial court's written order accomplished that function. Furthermore, we believe that this particular interpretation of the case is untenable in light of the case as a whole.

In *Mason-Murphy*, the appellant complained that "the trial court erred by adopting in its . . . written order [the appellee's] . . . election to retain possession until the beginning of school on Monday without hearing additional evidence or making additional findings and conclusions supporting the change." *Mason-Murphy*, 317 S.W.3d at 924. The Austin Court of Appeals affirmed the trial court's order under former Section 153.317 of the Texas Family Code. The court concluded that "[f]ormer section 153.137 did not require a separate showing or finding that the extended possession elected is in the child's best interest before the trial court could incorporate the election." *Id.* at 927. According to the court, "[t]he absence of such a requirement indicates that the legislature intended for the finding that the standard possession order was in the child's best interest to include the range of choices available to the electing parent." *Id.*

However, as the Austin Court of Appeals recognized in *Mason-Murphy*, the Texas Legislature subsequently changed the law in 2009 to give the trial courts "discretion to reject a parent's election if it is not in the child's best interest." *Id.* at 928. The Austin Court of Appeals has also noted that a "parent's election does not trigger the need for an additional finding that extended possession is in the child's best interest . . . ." *Id.* at 929. Although the court went on to say that "the statute allows the court to reject the election if it affirmatively finds that the extended possession is *not* in the child's best interest," the court did not address or purport to address the situation presented here, where the trial court made a general finding that its orders were in the best interest of the children and

19

then in the same orders effectively denied the parent's election for extended possession without making an additional best interest finding as to the election for extended possession. *Id.*

Although M.B. contends that *Mason-Murphy* supports his position, we disagree. The underlying rationale for the court's decision was that under the former statute, the trial court had no discretion to reject a parent's "election so long as it found the standard possession order to be in . . . [the child's] best interest." *Id.* As the Austin Court of Appeals then noted, "[t]he statute now expressly requires the court to incorporate the conservator's election of extended standard possession 'unless the court finds that the election is not in the best interest of the child.'" *Id.* (quoting TEX. FAM. CODE ANN. § 153.317(a)). From this, it follows that to reject a parent's election for extended possession, the trial court does not have to find that the standard possession order is not in the child's best interest, only that the election is not in the child's best interest. *See* TEX. FAM. CODE ANN. § 153.317(a). As the Fourteenth Court of Appeals explained in a relatively recent memorandum opinion, one of the few opinions to address the revised version of Section 153.317, "the trial court may enter an expanded possession order [only] if it determines that expanded possession is in the child's best interest." *Popek v. Popek*, No. 14-10-00201-CV, 2011 WL 2566185, at *6 (Tex. App.—Houston [14th Dist.] June 30, 2011, no pet.) (mem. op.). We conclude that M.B. has not established reversible error in the trial court's denial of his election for extended possession.

Furthermore, to the extent that M.B. challenges the legal and factual sufficiency of the trial court's finding that extended possession was not in the children's best interest, we reiterate that under the applicable standard of review, which is abuse of discretion,

legal and factual sufficiency of the evidence are not independent grounds for reversing the trial court's judgment. *Zeifman*, 212 S.W.3d at 587. Rather, they are "relevant factors" in determining whether the trial court abused its discretion. *Id.*

A trial court does not abuse its discretion when it makes a decision based on conflicting evidence. *Burns v. Burns*, 116 S.W.3d 916, 921 (Tex. App.—Dallas 2003, no pet.). If some evidence of a substantive and probative character exists to support the trial court's decision, there is no abuse of discretion. *In re C.C.J.*, 244 S.W.3d at 917; *see also In re J.C.*, 346 S.W.3d 189, 193 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

In this case, M.B. contends that "there was significant conflict between the parents" and "that a solution to a substantial part of that would be [to] drop off and pick-up the children at school rather than the parent's [sic] homes." M.B. further contends that "both parents had recognized that P.M.B. wanted more time with . . . [M.B.]." In addition, according to M.B., "extended time would also allow additional tutoring time with . . . [M.B.] and C.K.B." Furthermore, M.B. notes that there was evidence "that C.K.B. had to walk to . . . [S.B.'s] home from school, that . . . [S.B.] was not there when she arrived, and C.K.B. as a young child was home alone at times." Based on the foregoing, M.B. argues that there was no evidence or insufficient evidence that granting M.B. extended possession was not in the children's best interest.

For her part, S.B. has not identified any specific evidence in support of the trial court's determination that extended possession was not in the children's best interest. Instead, she generally states that "the testimony from the children's counselor and interviewing the children in chambers (among other witnesses) . . . [gave the trial court a

21

sufficient basis] in determining the alternate possession schedule for C.K.B. was not in her best interests."  Counsel has not addressed the issue as it relates to P.M.B.

"The trial court is in a better position to determine what will be in the best interest of the child since it faced the parties and their witnesses, observed their demeanor, and had the opportunity to evaluate the claims made by each parent."  *In re J.R.D.*, 169 S.W.3d 740, 743 (Tex. App.—Austin 2005, pet. denied).  Furthermore, "[t]here is a rebuttable presumption that the standard visitation order provides reasonable minimum possession of a child for a parent named as a joint managing conservator and that such possession is in the best interest of the child."  *Id.*

Although M.B. has cited some evidence in support of his argument that the trial court abused its discretion in denying his election for extended possession, we conclude that he has not rebutted the presumption that the standard visitation order provides reasonable minimum possession of the children and that such possession is in the best interest of the children.  *See id.*

We overrule M.B.'s second issue.

### III. TUTORING FEES

Finally, in his third issue, M.B. contends that the trial court erred in ordering that he must "within 30 days reimburse . . . [S.B.] for 50% of all the tutoring fees for [C.K.B.] incurred on or before May 16, 2013" because the trial court effectively awarded child support in excess of the amount provided for in the statutory guidelines without making the affirmative findings required by the Texas Family Code.  *See* TEX. FAM. CODE ANN. § 154.130.

22

## A. Applicable Law

"A trial court may order a parent to pay retroactive child support." *Ayala v. Ayala*, 387 S.W.3d 721, 727 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing TEX. FAM. CODE ANN. §§ 154.009 & 154.131). However, the trial court may do so only in limited circumstances—for instance, in those circumstances set forth in Section 154.009 as follows: "The court may order a parent to pay retroactive child support if the parent: (1) has not previously been ordered to pay support for the child; and (2) was not a party to a suit in which support was ordered." TEX. FAM. CODE ANN. § 154.009 (West, Westlaw through 2013 3d C.S.). Additionally, and importantly, for purposes of this case, the trial court may order a different type of retroactive child support because an existing "support order may be modified with regard to the amount of support ordered . . . as to obligations accruing after the earlier of: (1) the date of service of citation; or (2) an appearance in the suit to modify." *Id.* § 156.401(b) (West, Westlaw through 2013 3d C.S.).

The Texas Family Code requires "findings in child support order[s]," including orders for retroactive child support, in relevant part as follows:

> (a) Without regard to Rules 296 through 299, Texas Rules of Civil Procedure, in rendering an order of child support, the court shall make the findings required by Subsection (b) if:
>
> > (1) a party files a written request with the court not later than 10 days after the date of the hearing;
> >
> > (2) a party makes an oral request in open court during the hearing; or
> >
> > *(3) the amount of child support ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable.*

23

(a-1) If findings under this section are required as a result of the request by a party under Subsection (a)(1) or (2), the court shall make and enter the findings not later than the 15th day after the date of the party's request.

(b) If findings are required by this section, the court shall state whether the application of the guidelines would be unjust or inappropriate and shall state the following in the child support order:

"(1) the net resources of the obligor per month are $_____;

"(2) the net resources of the obligee per month are $_____;

"(3) the percentage applied to the obligor's net resources for child support is _____%; and

"(4) if applicable, the specific reasons that the amount of child support per month ordered by the court varies from the amount computed by applying the percentage guidelines under Section 154.125 or 154.129, as applicable."

TEX. FAM. CODE ANN. § 154.130 (emphasis added).

"To impose child support beyond the guidelines, the record must contain evidence of the 'proven needs' of the child." *In re M.A.M.*, 346 S.W.3d 10, 17 (Tex. App.—Dallas 2011, pet. denied) (citing TEX. FAM. CODE ANN. § 154.126(a) & (b)). "To establish private school [or tutoring] as a proven need, the evidence must show something special that makes the particular child need or especially benefit from some aspect of non-public schooling [or tutoring]." *Id.*

**B. Standard of Review**

"A court's order of child support will not be disturbed on appeal unless the complaining party can show a clear abuse of discretion." *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). "The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable." *Id.*

24

## C. Relevant Facts

M.B. was served with citation on May 3, 2011. In its modification order entered on August 22, 2013, the trial court ordered M.B. to pay child support in the amount provided in the guidelines. It further ordered "that both parties shall take . . . [C.K.B.] to a certified academic tutoring institution on an as needed basis, as recommended by her teachers" and that M.B. "shall be 100% responsible for the tutoring fees of . . . [C.K.B.]." Finally, the trial court ordered M.B. to "reimburse" S.B. "for 50% of all the tutoring fees for . . . [C.K.B.] incurred on or before May 16, 2013."

## D. Discussion

As a threshold matter, we note that S.B. does not dispute M.B.'s characterization of the tutoring fees reimbursement obligation as an award of retroactive child support. In fact, S.B. argues that "it was certainly logical for the court to find that the tutoring costs of C.K.B. are certainly the needs of the child and the payment of such by [M.B.] . . . are certainly within the best interests of C.K.B." "Therefore," according to S.B., "it was not an abuse of discretion by the trial court to order that . . . [M.B.] pay . . . past . . . cost[s] of the tutoring based on the evidence presented."

On appeal, M.B. complains about the "reimbursement" aspect of the order with respect to the tutoring fees.[6] M.B. argues that he "was ordered to pay guideline child support and there was no evidence admitted to show that the needs of C.K.B. required support above what would result from payment of the guideline amount." M.B. further argues that "[t]here were no findings supporting deviation from the child support

---

[6] M.B. has not asserted that the trial court erred by ordering him to pay "100%" of the future costs of the tutoring.

25

guidelines in the order, as required by Section 154.130 of the Texas Family Code." *See* TEX. FAM. CODE ANN. § 154.130.

"[A] court's consideration of the child support guidelines in a modification proceeding is discretionary, not mandatory." *Melton v. Toomey*, 350 S.W.3d 235, 238 (Tex. App.—San Antonio 2011, no pet.). "The trial court has the discretion to deviate from the guidelines and consider other factors." *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996). "Section 154.130 requires a trial court ordering child support that varies from the amount that would result if the guidelines were applied to make certain findings." *In re S.B.S.*, 282 S.W.3d 711, 717 (Tex. App.—Amarillo 2009, pet. denied). As the Amarillo Court of Appeals has observed:

> Among the findings that the trial court must make are the net monthly resources of the obligor and obligee, the percentage applied by the court to the obligor's net monthly resources that yields the child support obligation set by the court, the amount of support that would result if the guidelines were followed, and the specific reasons why the amount ordered by the court varies from the amount called for by application of the guidelines.

*Id.* (citing TEX. FAM. CODE ANN. § 154.130(b)). "These findings are mandatory and the failure to make them when required constitutes reversible error." *Id.*

We agree with M.B. that the trial court erred by effectively ordering him to pay retroactive child support in excess of the amount provided for in the guidelines without entering the findings supporting deviation from the child support guidelines in the order as required by Section 154.130 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 154.130. Accordingly, we sustain M.B.'s third issue.

26

## IV. CONCLUSION

We reverse the trial court's order in part and remand the case for further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Delivered and filed the
22nd day of May, 2014.